THE MUTUAL RESERVE FUND LIFE ASSOCIATION

*v.*

WILLIAM B. SMITH.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*when controversy involves more than $1000.* Where the dismissal of an appeal by the Appellate Court leaves in full force a decree of the lower court to the effect that a certain insurance policy for $5000 had not been forfeited but was a subsisting conditional obligation, the amount involved in the controversy exceeds $1000, and a further appeal lies to the Supreme Court.

2. SAME—*judgment, to be final, need not be upon the merits of the case.* A judgment which finally settles a collateral controversy distinct from the general subject of the litigation, and which affects only the parties to the particular controversy, is final and appealable.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

CRATTY BROS., JARVIS & CLEVELAND, (GEO. BURNHAM, Jr., of counsel,) for appellant.

A. R. URION, and A. B. STRATTON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court dismissing an appeal taken by the appellant from a decree of the circuit court of Cook county.   Appellee

entered a motion in this court to dismiss the appeal to this court. The grounds of this motion are, the judgment of the Appellate Court was not a final judgment, and the amount involved is less than $1000. The motion was reserved to the hearing.

The contention between appellee and the appellant association was whether a policy issued by the association upon the life of appellee, in the sum of $5000, had been forfeited or was a binding obligation of indemnity. The order or decree of the circuit court was that the policy was a subsisting conditional obligation against the association in that sum. A contrary ruling of the circuit court would have deprived the appellee of the benefit of the undertaking of the association to pay that sum. The dismissal of the appeal by the Appellate Court left the decree of the circuit court standing in full force and effect. It is clear, therefore, that more than $1000 was involved in the controversy.

The judgment of the Appellate Court that the appeal be dismissed is a final, appealable judgment. A final judgment means, not a final determination of the rights of the parties with reference to the subject matter of the litigation, but merely of their rights with reference to the particular suit. It is not at all necessary that the judgment should be upon the merits, if it definitely puts the case out of court. It is the termination of the particular action which marks the finality of the judgment. A judgment of non-suit or dismissal is final. (1 Black on Judgments, sec. 21; *Ross* v. *Evans*, 30 Minn. 206.) In *Moore* v. *Williams*, 132 Ill. 591, the court had before it an appeal from the judgment of the Appellate Court dismissing the appeal to that court, and fully recognized the judgment of the Appellate Court as being a final judgment, but dismissed the appeal for the reason the amount involved was less than $1000. In *Zuckerman* v. *Hawes*, 146 Ill. 59, this court entertained an appeal from a judgment of the Appellate Court dismissing an appeal to that court and

reversed the judgment of the Appellate Court. The motion to dismiss the appeal in this court must be and is overruled.

This brings the correctness of the judgment of the Appellate Court into review in this court. The judgment of the Appellate Court is, that "the motion to dismiss the appeal for want of jurisdiction coming up to be heard, the court, being fully advised in the premises, doth order said appeal to be, and the same is hereby, dismissed, and that the appellee recover from the said appellant his costs in this behalf expended, to be taxed, and that he have execution therefor." In what respect it is supposed the court was lacking in jurisdiction is not developed by the record. Counsel for the respective parties agree that the ground of the motion and of the action of the Appellate Court was that the order or decree of the circuit court was not a final order or decree. It is apparent that the Appellate Court is in all other respects possessed of full power and jurisdiction to entertain the appeal. Whether the decree of the circuit court was a final decree becomes, therefore, the material question to be determined by this court.

The appellee and a number of others, as complainants, had pending in the circuit court a proceeding in chancery, the prayer of which was that the appellant association should be restrained by the decree of the court from collecting, by way of assessments upon its policyholders, sums of money to be devoted to the creation of an alleged unlawful, permanent reserve fund, and that the assessments of the complainants might be paid out of the reserve fund now, as the bill alleged, illegally in the possession of the association, or that such alleged illegal reserve fund should be distributed among the policyholders of such association, and that, pending a hearing of the case, a temporary injunction might be awarded the complainants restraining the association from declaring the policies lapsed, in order that the same may stay in

full force and effect until the court could determine the
case. The motion for a preliminary injunction was heard
and denied, and the complainants and the association, on
December 30, 1895, in view of the fact failure to pay the
assessments during the pendency of the suit might result
in forfeiture of the policies, entered into a stipulation
providing for the payment of the assessments to one of
the solicitors for the association, to be by him held and
disposed of according to the final decree of the court. On
the 13th day of March, 1896, some two and a half months
after the stipulation had been entered into, during all of
which time appellee had made no payments thereunder
but was in default under the agreement, he made appli-
cation to the court to have the stipulation permitting
the payment of accrued and accruing assessments to the
solicitor extended, so as to permit him to pay his assess-
ments at that time and have the benefit of the provisions
of the stipulation. The court required the appellant to
answer this application, and afterwards heard the testi-
mony of the respective parties and entered a decree de-
claring that the policy of appellee should not be regarded
as forfeited for non-payment according to the terms of
the stipulation, and that the association should re-instate
him to all the rights and privileges accorded him by the
stipulation, upon payment by him of all assessments due
up to that date, with legal interest thereon.

The court had refused to restrain the collection of the
assessments during the pendency of the suit, and the par-
ties to the litigation, in view of such refusal of the court,
entered into the stipulation providing for the payment of
such assessments to a designated third party, to be by
him held until the case should be determined, and then to
be paid by him to the party entitled to receive the same
under the decree. The appellee did not comply with his
undertaking in the stipulation, and insisted that reasons
existed why the court should relieve him from the con-
sequences attending his default. The stipulation and its

provisions, and the duties and obligations of the parties, were distinct from the general subject of the litigation. Only the appellee and the appellant association were parties to the controversy. The numerous other parties to the litigation were in nowise interested in or affected by its determination. The decree of the court appealed from finally disposed of the questions involved in it, and the litigation of the issues arising under the original pleadings in the case proceeded wholly unaffected by it. The decree was the determination of a matter distinct from the general subject of litigation, and finally disposed of all of the questions involved in such distinct and separate controversy.

In *Terry* v. *Sharon*, 131 U. S. 46, it was said: "The term 'final decision,' in said statute under consideration, does not mean, necessarily, such decisions or decrees only which finally determine all the issues presented by the pleadings; that while these are undoubtedly final decisions, the terms are not limited to them, but also apply to a final determination of a collateral matter distinct from the general subject of litigation, affecting only the parties to the particular controversy, and finally settles that controversy." The same doctrine is announced in 2 Beach's Eq. Pr. sec. 948, and also in Black on Judgments, sec. 21. In *Evans* v. *Dunn*, 26 Ohio St. 439, a decree which completely and finally disposed of a branch or part of a cause which was separate and distinct from other parts of the cause was held to be a final decree. The doctrine is recognized in *Hemphill* v. *Collins*, 117 Ill. 396.

We are constrained to the view that the decree of the circuit court was final, and that the Appellate Court erred in dismissing the appeal from it. The judgment of the Appellate Court must be and is reversed and the cause remanded to that court, with instructions to overrule the motion to dismiss the appeal.

*Reversed and remanded.*