(No. 13271.—Decree affirmed.)

MAREN C. OLSEN, Defendant in Error, *vs.* WELDON WEBSTER, Receiver, Plaintiff in Error.

*Opinion filed December 21, 1920—Rehearing denied Feb. 2, 1921.*

1. REGISTRATION OF TITLE—*when former decree is res judicata of cross-application to foreclose trust deed.* Where the court has jurisdiction of the parties and of the subject matter of a suit to foreclose a trust deed and dismisses the bill as to certain defendants, in a subsequent proceeding by said defendants to register their title to the property the decree in the foreclosure suit is *res judicata* of a cross-application to foreclose the trust deed.

2. MORTGAGES—*when provision for release of trust deed to a building loan company is binding.* A provision in an application for a loan from a building loan company that upon proof of death or total and permanent disability the applicant and her heirs and assigns shall be discharged from all obligations under the contract and that all unpaid obligations shall be charged to the reserve fund of the company and the company's interest in the property be released and quit-claimed to her or her heirs and assigns is binding on the company, where the applicant fully performs her contract by paying all notes which matured up to the day of her death.

3. SAME—*when foreclosure decree is null and void.* Where a bill to foreclose a trust deed is dismissed by the court as to certain defendants who demurred to the bill such defendants are out of the case, and a subsequent decree of foreclosure against them by default, without further process and notice, is without jurisdiction and void.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

WEBSTER & MANNHARDT, (WELDON WEBSTER, *pro se,* of counsel,) for plaintiff in error.

E. C. MAPLEDORAM, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Maren C. Olsen, a minor of the age of fourteen years, by George T. Olsen, her father and natural guardian, filed her application on January 30, 1917,

in the circuit court of Cook county, to register title in herself in fee to a lot in Chicago improved with a three-flat building, subject only to dower and homestead rights of her father, the surviving husband of Ida A. Olsen, from whom the applicant inherited the premises. The plaintiff in error, Weldon Webster, receiver of the American Home Assurance Company, who was one of the defendants, filed first a demurrer and afterward pleas, all of which were stricken from the files, and he then answered and filed a cross-application to foreclose a trust deed made by Ida A. Olsen and George T. Olsen, her husband, to the American Home Assurance Company, of which he was receiver. The examiner found the fee simple title in the premises in the applicant, subject to dower and homestead rights of George T. Olsen; that the trust deed set forth in the cross-application had been released in accordance with its terms; that a decree obtained by the plaintiff in error decreeing the release of the trust deed to be illegal, null and void and ordered stricken and annulled and held for naught, was without jurisdiction as to the applicant and her father and was as to them void and of no effect; that the decree was a cloud upon the title of the applicant and should be removed and held for naught. He recommended a decree in accordance with the prayer of the application, and the report was confirmed and such a decree was entered. The record has been brought to this court by writ of error.

The American Home Assurance Company, incorporated in South Dakota, was carrying on a business in this State in 1903 under a co-operative scheme for loaning money for home building purposes, to be re-paid in monthly payments and to be secured by trust deeds upon the property to be improved. On February 10, 1903, Ida A. Olsen and George T. Olsen, her husband, executed a trust deed on the lot in question to John H. Devlin, trustee, to secure 200 notes made by them for $24 each, payable monthly on the 10th of each succeeding month. There were a large number of

borrowers, and certain percentages of each payment would be deposited in three several funds,—home fund, reserve fund and expense fund,—and the reserve fund and home fund were afterward consolidated into a single fund. The trust deed contained this provision: "This obligation is subject to the provision that in the event of the death or total disability of Ida Arvilla Stenbeck Olsen, then, upon proper medical proof of such death or said total and permanent disability, the indebtedness evidenced by the notes, or so much as is unpaid, shall be considered and held to be fully paid and discharged and the notes shall be delivered up to said trustee to be canceled; and the trustee shall be and is authorized, in such event, to quit-claim and release this trust deed of record." In a *quo warranto* proceeding instituted by the Attorney General in 1903 the corporation was ousted from transacting business in this State, and thereafter, in 1904, at the suit of the Attorney General, August Reike was appointed receiver of the corporation. Reike resigned, and the plaintiff in error, Weldon Webster, was appointed receiver. Ida A. Olsen, who owned the lot and made application for and received the loan, died intestate on June 15, 1904, leaving her husband, George T. Olsen, and her daughter, Maren C. Olsen, then two years old, her only heirs-at-law. Before the death of Ida A. Olsen the notes numbered 1 to 21, inclusive, secured by the trust deed, were paid, canceled and surrendered, and the fact of her death having been proved to the trustee, he executed a release of the trust deed on July 16, 1904. The remaining notes were assigned and delivered to the corporation. Proof was also made on July 9, 1904, to the plaintiff in error, that Ida A. Olsen had died on June 15, 1904. On February 7, 1906, plaintiff in error, as receiver, filed his bill in the circuit court of Cook county for the foreclosure of the trust deed, making Maren C. Olsen, George T. Olsen and others defendants. Demurrers were filed, and amended bills were filed in January, 1910, and October,

1910, and finally an amended substituted and supplemental
bill was filed on November 15, 1910, all praying for the
foreclosure. To this amended substituted and supplemental
bill George T. Olsen and Maren C. Olsen, by her guardian
*ad litem,* filed a general demurrer. The demurrer was sus-
tained and the bill was dismissed on October 7, 1913, as
to Maren C. Olsen and George T. Olsen for want of equity,
at the complainant's costs. Plaintiff in error appealed from
the decree to the Appellate Court for the First District and
the appeal was dismissed. On November 2, 1914, with-
out further process or notice to either Maren C. Olsen or
George T. Olsen, they were defaulted for failure to answer
and the bill to foreclose was taken as confessed, and on
January 30, 1915, a decree was entered finding that the
release was illegal, null and void and reforming the trust
deed by striking out the defeasance and annulling the re-
lease. Plaintiff in error then sued out a writ of error from
the Appellate Court to reverse the decree of October 7,
1913, dismissing the bill for want of equity, and that writ
was dismissed. January 3, 1917, Maren C. and George T.
Olsen having learned of the decree entered on January 30,
1915, without their knowledge or consent, filed their peti-
tion to vacate the decree, and the court denied the petition.

The ground upon which the bill to foreclose was based
was that the provision of the trust deed above quoted was
fraudulently inserted in the trust deed and was not in ac-
cord with the contract signed by Ida A. Olsen when she
applied for the loan. That contract, which recited the con-
ditions upon which the loan was to be made, contained this
provision: "In case of death or total and permanent dis-
ability, upon satisfactory proofs to the party of the first
part, the party of the second part, he, his heirs or assigns,
shall be freed from all obligations under this contract, and
all obligations due under this contract by the party of the
second part shall be charged to and paid in full from the
reserve fund, and the said party of the second part, his

heirs or assigns, shall be entitled to all benefits agreed upon under this contract, and the party of the first part shall convey, release and quit-claim unto said second party, his heirs or assigns, all interest in and to any property purchased hereunder." The decree entered on January 30, 1915, was based on a finding that this provision of the trust deed was not authorized by the contract. But whether that was so or not, the decree entered in 1913 was a final adjudication of that question, and it has not been annulled, reversed or set aside. The court did not merely sustain the demurrer, but disposed of the litigation, so far as it affected Maren C. Olsen and George T. Olsen, by dismissing the bill for want of equity at the complainant's costs. The decree terminated the action so far as Maren C. Olsen and George T. Olsen were concerned and reserved no question for future determination. The court had jurisdiction of the parties and of the subject matter, and whether the decree was erroneous or not, it finally and conclusively determined the rights of the plaintiff in error and Maren C. Olsen and George T. Olsen under the trust deed, and the decree was *res judicata.* (*Mutual Reserve Fund Life Ass'n* v. *Smith,* 169 Ill. 264; 2 R. C. L. 40; 3 Corpus Juris, 442.) Maren C. Olsen and George T. Olsen were no longer parties to the foreclosure suit, and the decree entered January 30, 1915, was without jurisdiction, null and void. It would avail nothing to the plaintiff in error if he could maintain his position that the provision of the trust deed was a departure from the terms of the application, but in our opinion the decree was right. The provision of the application signed by Ida A. Olsen was, that in case of her death or total and permanent disability she and her heirs and assigns should be freed from all obligation under the contract, and all obligations due under it by her should be charged to and paid in full from the reserve fund, and the corporation should convey, release and quit-claim unto her, her heirs and assigns, all interest in and to any property pur-

chased thereunder. She performed her contract to the day of her death by the payment of the notes which had matured, and at her death the property was relieved from the lien of the trust deed and the release was lawfully made.

The decree is affirmed.          *Decree affirmed.*