**Elizabeth Gilbert, Appellant, v. Otto T. Langbein, Jr., and Edward B. Watts, Appellees.**

**Gen. No. 45,288.**

Opinion filed March 27, 1951. Released for publication April 13, 1951.

RICHARD A. HAREWOOD, of Chicago, for appellant.

BURT A. CROWE, of Chicago, for appellees; CARL E. ABRAHAMSON, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

This is a suit at law for damages alleged to have resulted from an assault made on plaintiff by the defendant Edward B. Watts, janitor in the building where plaintiff resided, which was owned by a nonresident and managed by the defendant Otto T. Langbein, Jr. The case was called for trial at the morning session of court on April 12, 1950. A jury was impaneled and sworn to try the issues. Plaintiff's counsel made an opening statement to the jury, but counsel for defendants waived his opening statement. In the absence of plaintiff and her witnesses her counsel made three requests of the court for recesses, all of which were granted, and when they had still not appeared by noon her counsel moved the court for a nonsuit, no evidence having been produced upon the hearing. The trial judge denied that motion, to which defendants' counsel had objected, and asked for a directed verdict in favor of defendants. The court submitted to the jury verdicts of not guilty which were signed·by the jury, and judgments were entered thereon. On April 17, 1950 plaintiff presented her motion to vacate the verdicts and judgments theretofore entered, supported by petition and affidavit. The motion was set for hearing on May 19, 1950. Defendants made no denial of the allegations in plaintiff's petition. After argument by counsel for both parties the court denied the motion to vacate, and entered an order accordingly. Plaintiff appeals from the judgment of the court denying the motion to vacate.

■ Under the provisions of section 52 of the Civil Practice Act (Ill. Rev. Stat. 1949, ch. 110, par. 176 [Jones Ill. Stats. Ann. 104.052]) plaintiff was not entitled to a voluntary dismissal. The Act provides that "the plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, on the same terms, only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit." It is not contended that either of these terms was complied with by plaintiff, and consequently the motion for a nonsuit was properly denied.

■ However, it is urged here by plaintiff that even though she may not have been entitled to a nonsuit, the court should nevertheless have on its own motion dismissed the suit without prejudice, and that it was error to allow defendants' motion for a directed verdict at the close of the opening statement of plaintiff's counsel. Prior to the enactment of the Civil Practice Act counsel for plaintiff could proceed to trial and at any time during plaintiff's case could take a nonsuit and start another proceeding within a year. Section 52 was obviously designed to put a stop to such practice. There is no difference in effect between allowing a nonsuit and dismissing the case without prejudice, because in either instance another proceeding may be instituted. In *Chicago Title and Trust Co. v. County of Cook*, 279 Ill. App. 462, the court had occasion to discuss and pass upon section 52 of the Act, and held that the motion for a nonsuit not having been made until after the trial of the cause began, the court was not authorized to dismiss it over defendant's objection

except upon plaintiff's compliance with the terms of the Act, and reversed the order allowing plaintiff's motion for a nonsuit. In *Gunderson v. First National Bank*, 296 Ill. App. 111, it was urged that the court erred in denying plaintiff's motion for leave to take a voluntary nonsuit. In that case, after plaintiff's testimony had been concluded, his attorney made an oral motion for leave to take a voluntary nonsuit. This was held to be insufficient under the provisions of section 52, and the conclusion reached in the *Chicago Title and Trust Co.* case was referred to with approval. In *Bernick v. Chicago Title and Trust Co.*, 325 Ill. App. 495, a hearing was had on the petition and answers, but no evidence was offered by either party. Plaintiff's counsel then asked to dismiss his suit upon payment of costs and without prejudice, which was allowed. On review it was held that when trial or hearing has begun, plaintiff's right to a voluntary dismissal is no longer absolute.

Since plaintiff's counsel voluntarily entered upon trial of the case, selected a jury which was sworn to try the issues, made an opening statement, and then failed to proceed with the evidence because of the absence of his client and her witnesses, the court had no alternative under section 52 of the Civil Practice Act but to terminate the trial and litigation by directing the jury to return a verdict of not guilty. The judgment should be affirmed and it is so ordered.

*Judgment affirmed.*

SCHWARTZ, P. J. and SCANLAN, J., concur.