Charles H. Wilhite et al., Plaintiffs, v. Danny C. Agbayani et al., Defendants.
Valeriano M. Almazan, Counterplaintiff-Appellee, v. Charles H. Wilhite et al., Counterdefendants. Danny C. Agbayani, Appellant.
Thomas J. Lipton, Inc., Counterplaintiff, v. Danny C. Agbayani et al., Counterdefendants.

Gen. No. 9,928.

Opinion filed March 9, 1954. Rehearing denied April 14, 1954. Released for publication April 14, 1954.

GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, and McLIN J. BROWN, of Hillsboro, for counterdefendant-appellant; ALFRED F. NEWKIRK, of Springfield, of counsel.

McWILLIAMS & McWILLIAMS, of Litchfield, and HENRY A. KALCHEIM, of Chicago, for counterplaintiff-appellee.

MR. JUSTICE CARROLL delivered the opinion of the court.

This is an appeal from an order of the circuit court of Montgomery county dismissing a counterclaim without prejudice on motion of the counterplaintiff.

There would appear to be no occasion for a detailed consideration of the pleadings since no questions are raised thereon. However, a summary of the events occurring in the trial court leading up to the entry of the order in question seems to be necessary to a proper understanding of the circumstances under which the court acted.

In the original action both appellant and appellee and other parties were made defendants. The appellee filed a counterclaim against the original plaintiff and certain of the defendants, including the appellant. Thomas J. Lipton, Inc. was also made a defendant to the counterclaim and it in turn filed its counterclaim against the original defendants. On March 16, 1953, all of the causes of action, with the exception of appellee's claim were dismissed on stipulation of the parties thereto and the cause was called for trial on appellee's counterclaim.

30

On that same date in a pre-trial conference counsel for appellant raised a question as to the competency of certain evidence which it appeared would be offered by appellee. Appellant's counsel, feeling that the offer of such evidence in the jury's presence would be prejudicial to his client's interests, asked the court to rule on its competency in advance of the trial. Appellee's counsel then stated that dismissal of the original action had taken him by surprise; that he would not have witnesses available until the late afternoon of that date; that he was not prepared to then argue the pending evidence question and requested a continuance to March 18.

Upon objection by appellant to such a continuance, it was agreed between the court and counsel that the case would be called for trial, a jury selected and the matter continued to March 17 at 10:00 a. m. Thereupon the cause was called for trial and, after a jury was selected and sworn, the trial was continued to March 17 as agreed upon. On March 17 counsel for the parties argued appellant's evidence objection in chambers with the result that such objection was sustained by the court. Appellee's counsel then stated that due to the ruling of the court he was forced to dismiss his case. A report of the proceedings had in chambers is incorporated in the record.

The written motion of appellee to dismiss his case without prejudice was then presented. It was not supported by affidavit but recited that the same was made before the trial had begun. To the allowance of this motion appellant's counsel objected and moved for a directed verdict in favor of appellant. The court allowed the appellee's motion to dismiss without prejudice and entered an order to that effect and denied appellant's motion for a directed verdict.

The record on this appeal presents the single question as to whether the trial court erred in allowing the

31

motion of appellee to dismiss his case without prejudice.

Section 52 of the Civil Practice Act, paragraph 176, chapter 110, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 104.052], provides: "The plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, on the same terms, only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by consent of the defendant." It is appellant's theory that the trial of the case had begun and, therefore, appellee could not voluntarily dismiss his case without prejudice except upon complying with the above statutory provision by filing either a stipulation or a special motion supported by affidavit.

The first inquiry is as to whether the trial had begun prior to the time appellee made his motion. It is apparent from the record that the reason underlying appellee's motion was the adverse ruling by the court on the competency of certain evidence which he proposed to use on the trial. It also appears that at the pre-trial conference of March 16 appellee sought to have the cause continued to March 18 on the ground that dismissal of the principal case had taken him by surprise. This continuance was not granted. On that occasion there was no suggestion by appellee that he intended to move for a voluntary dismissal nor was there any indication by appellee that there were any grounds for such dismissal. Evidencing a contrary intention his counsel participated in the selection of a jury and stip-

ulated to a continuance of the trial to March 17. After the impaneling of the jury and the recessing of the court on March 17, there remained no uncertainty as to the trial proceeding at 10 o'clock the following morning. The swearing of the jury could be for no purpose other than to try the lawsuit. It is not suggested that there is any authority for the tentative selection of a jury. No reason is advanced for appellee's failure to present his motion for voluntary dismissal at the pretrial conference on March 16 when there could be no question raised as to its propriety. The appellant was required to be prepared to proceed with the trial the next day at the hour to which the court recessed and his rights in that regard were entitled to consideration.

██ In general it has been held that the trial begins when the jury are called into the box for examination as to their qualifications and that the calling of a jury is part of the trial. *53 Am. Jur. Trial,* section 4. Since the jury had been examined and sworn when appellee made the instant motion, there would seem to be no doubt that the trial had begun. Appellee was therefore not entitled to take a nonsuit without prejudice except upon compliance with section 52 of the Civil Practice Act. *Chicago Title and Trust Co. v. County of Cook,* 279 Ill. App. 462; *Bernick v. Chicago Title and Trust Co.,* 325 Ill. App. 495; *Gilbert v. Langbein,* 343 Ill. App. 132.

██ Since appellee's motion amounted to a refusal on his part to proceed with the trial, the appellant's motion for a directed verdict in his favor should have been allowed. *Gunderson v. First National Bank of Chicago,* 296 Ill. App. 111.

██ Appellee makes the contention that the order of the trial court is not a final order and therefore not appealable. Since the order of dismissal terminated the case, it must be held to be final. Determination of

the merits of the cause was not a prerequisite to its finality. *Mutual Reserve Fund Life Ass'n v. Smith,* 169 Ill. 264; *Brauer Machine and Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569.

For the reasons herein indicated, the order of the trial court allowing appellee's motion to dismiss the cause without prejudice is reversed and the cause is remanded with directions to allow appellant's motion for a directed verdict and to enter judgment in bar of the action.

*Reversed and remanded with directions.*

MR. JUSTICE HIBBS took no part in the consideration or decision of this case.