(No. 55330.—

RUTH A. WOLD, Appellant, v. BULL VALLEY MAN-
AGEMENT COMPANY, INC., Appellee.

*Opinion filed April 22, 1983.—Rehearing
denied May 27, 1983.*

Hugh M. Matchett, of Chicago, for appellant.

Kim M. Irvine, of Holmstrom & Green, P.C., of Wood-
stock, for appellee.

JUSTICE CLARK delivered the opinion of the court:

On September 18, 1978, plaintiff, Ruth A. Wold, filed
a complaint against Bull Valley Management Company
for damages resulting from an alleged malicious breach
of an employment contract entered into between Orin W.
Wold and herself.

The case was set for jury trial on April 21, 1980. On
April 2, 1980, the plaintiff filed a petition for a change
of venue, a motion to strike the counteraffidavit of Orin

W. Wold, and a motion to remove the case from the civil jury trial call. In the motion to remove the case from the scheduled trial date, plaintiff's counsel stated that he had several appellate briefs to prepare and that he was unable to appear on his motion at any time prior to June 3, 1980. Counsel requested the clerk to present his motion to the judge. The circuit court of McHenry County did not rule on any of the motions but, instead, dismissed the cause for want of prosecution because of plaintiff's failure to appear on April 21, 1980.

Plaintiff appealed and alleged that the trial court erred in dismissing the action for want of prosecution, failing to grant the petition for change of venue, failing to grant the motion to strike Orin W. Wold's affidavit, and failing to grant a prior motion for summary judgment. The appellate court determined that it did not have jurisdiction to consider the appeal. The court found that a dismissal for want of prosecution is not a final and appealable order, since under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a) the plaintiff could have refiled the action within one year after the dismissal. (97 Ill. App. 3d 516.) We granted the plaintiff's petition for leave to appeal (73 Ill. 2d R. 315).

The issue presented for our review is whether a dismissal for want of prosecution is a final and appealable order. Our decision in *Flores v. Dugan* (1982), 91 Ill. 2d 108, is dispositive.

In *Flores* the circuit court denied the plaintiff's motion for a continuance of the trial date and dismissed the cause for want of prosecution. The plaintiffs appealed from that decision and argued that the trial court order was final and appealable. This court, in a divided opinion, found that because the plaintiff had an absolute right to refile the cause under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), the order dismissing the cause for want of prosecution was not

a final and appealable order under Supreme Court Rule 301 (73 Ill. 2d R. 301). *Flores v. Dugan* (1982), 91 Ill. 2d 108, 112.

The court reasoned:

"A final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119; C.J.S. *Judgments* sec. 5 (1947).) We have also stated on many occasions that a judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48.) The order or judgment in this case, dismissing the cause for want of prosecution, is not a final order since the plaintiffs had an absolute right to refile the action against the same party or parties and to reallege the same causes of action. *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616; *Franzese v. Trinko* (1977), 66 Ill. 2d 136; Ill. Rev. Stat. 1979, ch. 83, par. 24a." (91 Ill. 2d 108, 112-13.)

In light of this court's decision in *Flores,* it is clear that the order of dismissal for want of prosecution in the instant case is not a final and appealable order. Pursuant to section 24 of the Limitations Act, counsel could have refiled the action within one year after the dismissal on April 21, 1980. The plaintiff failed to pursue the proper remedy.

Accordingly, the decision of the appellate court dismissing this appeal is affirmed.

*Judgment affirmed.*

JUSTICE MORAN took no part in the consideration or decision of this case.

JUSTICE SIMON, dissenting:

I appreciate that the majority opinion is filed out of a sense of respect for precedent. Nevertheless I dissent not only for the reasons set forth in the dissenting opinion in

*Flores v. Dugan* (1982), 91 Ill. 2d 108, 115 (Simon, J., dissenting), but also to point out the great number of authorities which are opposed to the *Flores* reasoning. The courts of several other States, the Federal courts, and various commentators have found dismissals of cases without prejudice or with leave to refile to be appealable final orders, the important point being that such dismissals ended the litigation as far as the trial court was concerned. *United States v. Wallace & Tiernan Co.* (1949), 336 U.S. 793, 795 n.1, 93 L. Ed. 1042, 1047 n.1, 69 S. Ct. 824, 825 n.1; *Elfenbein v. Gulf & Western Industries, Inc.* (2d Cir. 1978), 590 F.2d 445; *Allied Air Freight, Inc. v. Pan American World Airways, Inc.* (2d Cir. 1968), 393 F.2d 441 (dismissal for want of prosecution); *Tierce v. Knox* (1922), 207 Ala. 121, 92 So. 263; *Beck v. Barnett National Bank* (Fla. App. 1960), 117 So. 2d 45; *Aiona v. Wing Sing Wo Co.* (1962), 45 Hawaii 427, 368 P.2d 879; *Solomon v. Continental Baking Co.* (1936), 174 Miss. 890, 165 So. 607 (dismissal for want of prosecution); *Goldman v. McShain* (1968), 432 Pa. 61, 247 A.2d 455; *Montgomery Ward & Co. v. Smith* (D.C. App. 1980), 412 A.2d 728; see, *e.g.,* 9 Moore, Federal Practice sec. 110.08[1], at 113 (2d ed. 1982); 2 Ill. L. & Prac. *Appeal and Error* sec. 130, at 208 (1953); Restatement (Second) of Judgments sec. 13, comment *b*, at 132-33 (1982); 1 A. Freeman, Judgments sec. 22, at 35 n.4 (5th ed. 1925); K. Llewellyn, The Common Law Tradition: Deciding Appeals 294 (1960).

The rule adopted in *Flores* and now perpetuated in this case permits trial courts to act in arbitrary fashion and at the same time immunize their orders from appellate review. This can only breed disrespect for the judicial system.

*Flores v. Dugan* represents a distinct minority viewpoint in the United States; perhaps no other jurisdiction has reached that result. No contrary authority has been cited in this case except *Flores v. Dugan* and a few deci-

sions of the appellate court of this State which were relied on by the majority in *Flores v. Dugan*. There probably are none. As far as our appellate court is concerned, I pointed out in *Flores v. Dugan* that it has held far more frequently than not that dismissals for want of prosecution with leave to refile are appealable. I respectfully suggest that instead of continuing to follow precedent which is mistaken we consider returning to the mainstream on this issue at the earliest opportunity.