JUSTICE ALLOY delivered the opinion of the court: This is an appeal by defendants John Deere Company and Deere & Company (hereinafter Deere) from the trial court’s dismissal, without prejudice, of plaintiff’s action on plaintiff’s motion for dismissal without prejudice. (Ill. Rev. Stat. 1981, ch. 110, par. 2 — 1009.) The focus of this appeal is section 2 — 1009: "Voluntary dismissal, (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party’s attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court ***.” (Ill. Rev. Stat. 1983, ch. 110, par. 2-1009.) Pertinent facts on appeal are that both parties appeared for commencement of trial in this action on March 14, 1983. The trial court heard and ruled upon a variety of motions, including motions in limine by both parties. Those matters were heard prior to the presentation of any evidence by either party, and prior to any opening arguments. After rulings on the preliminary motions, plaintiff’s counsel moved to dismiss the suit, voluntarily and without prejudice, under section 2 — 1009 of the Code of Civil Procedure. The trial judge, after consideration of authorities presented and argument by counsel, dismissed the cause, on plaintiff’s motion, without prejudice to refiling the same action. Defendants seek appellate review over the order dismissing the suit without prejudice. We are met at the outset with the plaintiff’s contention that this court lacks jurisdiction to review that order, because it was not a final, appealable order of the circuit court. We reluctantly agree, based upon the decisions by the Illinois Supreme Court in Flores v. Dugan (1982), 91 Ill. 2d 108, 435 N.E.2d 480, and Wold v. Bull Valley Management Co. (1983), 96 Ill. 2d 110, 449 N.E.2d 112. While both of those cases dealt with dismissals for lack of prosecution, the basis for decision in the majority opinions applies as well to voluntary dismissals, without prejudice, on plaintiff’s own motion. In Flores, the majority stated: “A final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. [Citations.] We have also stated on many occasions that a judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. [Citations.] The order or judgment in this case, dismissing the cause for want of prosecution, is not a final order since the plaintiffs had an absolute right to refile the action against the same party or parties and to reallege the same causes of action. [Citations.]” Flores v. Dugan (1982), 91 Ill. 2d 108, 112-13. In Wold v. Bull Valley Management Co. (1983), 96 Ill. 2d 110, 112, 449 N.E.2d 112, the court reaffirmed its position, quoting with approval the above language from the Flores opinion. In the instant case, both the language of section 2 — 1009 and the specific direction of the trial court in its order of dismissal permits the plaintiff to refile the action against the same defendants and to reallege the same cause of action. Furthermore, in the instant case there has been no determination of the issues and fixing absolutely and finally the rights of the parties in the lawsuit, nor has there been any determination on the merits, so that all that remains is execution of the judgment. Although this court is inclined to agree with the dissenters in Flores, the Illinois Supreme Court has spoken on the matter, and the basis of that decision controls the instant case. We are mindful of the court’s opinion in Galowich v. Beech Aircraft Corp. (1982), 92 Ill. 2d 157, 441 N.E.2d 318, wherein the precise issue in the case at bar was raised, but where the Illinois Supreme Court did not address the issue. There the court found that the only part of the dismissal order appealed from was that pertaining to costs, which the court found clearly appealable. (92 Ill. 2d 157, 161.) The court in that opinion, by way of dicta, intimated that voluntary dismissals may well be final, for purposes of appeal. “While this court has never directly addressed the issue, ‘[t]here are numerous rulings to the effect that a dismissal may be final for the purpose of appeal although it is without prejudice to the bringing of another action.’ (4 Am. Jur. 2d Appeal and Error sec. 108 (1962); see Brauer Machine & Supply Co. v. Parkhill Truck Co. (1943), 383 Ill. 569, 575-76; Mutual Reserve Fund Life Association v. Smith (1897), 169 Ill. 264, 265; Restatement of Judgments sec. 41, comment b (1942).) In Williams v. Breitung (1905), 216 Ill. 299, the court held that the defendant could not appeal from an order dismissing the plaintiff’s bill for an injunction on plaintiff’s motion and his costs, because the decree was entirely in the defendant’s favor. The court noted, however, that the defendant would have a right of appeal ‘where the court, entering the judgment has committed some error prejudicial to him, or where by the judgment he has not obtained all that he is entitled to.’ 216 Ill. 299, 303.” (92 Ill. 2d 157, 161.) Both Brauer Machine & Supply Co. and Mutual Reserve Fund contain dicta indicating such a conclusion. “A final judgment means, not a final determination of the rights of the parties with reference to the subject matter of the litigation, but merely of their rights with reference to the particular suit. It is not at all necessary that the judgment should be upon the merits, if it definitely puts the case out of court. It is the termination of the particular action which marks the finality of the judgment. A judgment of non-suit or dismissal is final. (1 Black on Judgments, sec. 21; Ross v. Evans, 30 Minn. 206.)” (Mutual Reserve Fund Life Association v. Smith (1897), 169 Ill. 264, 265. Contra, Flores v. Dugan (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) “In Freeman on Judgments, vol. I, sec. 22, it is said: ‘According to the common law rule, by a final judgment is to be understood, not a final determination of the rights of the parties, but merely of the particular suit. Therefore, as will be seen in the next section, a judgment of dismissal or non-suit, though not determining the merits, may be final for the purposes of appeal.’ In section 27 in the same volume, the author says: ‘No hard-and-fast definition of “final” judgment, applicable to all situations, can be given since its finality depends somewhat upon the purpose for which and the standpoint from which it is being considered, since it may be final for one purpose and not for another ***. A judgment may be final so as to authorize an appeal from the court in which it was rendered, without being final as to the subject matter in litigation ***.’ ” (Brauer Machine & Supply Co. v. Parkhill Truck Co. (1943), 383 Ill. 569, 575.) However, as indicated, the basis and underlying reasoning of the Flores opinion runs contrary to the above-quoted dicta concerning the requisites of finality for appeal purposes. The decision in Williams v. Breitung (1905), 216 Ill. 299, 74 N.E. 1060, quoted by the court in Galowich v. Beech Aircraft Corp. (1982), 92 Ill. 2d 157, 161, lends support to the lack of finality in the instant case. There, though stating that a party in whose favor a judgment is rendered may sue out of writ of error, and obtain a reversal for an error prejudicial to him, the court found that a voluntary nonsuit was a termination in favor of a defendant, and the fact that he might have to appear, at some future time, to defend, did not create sufficient prejudice to make the dismissal appealable. The defendants herein argue that they have expended time and money in preparing for trial as a prejudice resulting from dismissal, but that was equally true in Williams and will be true in any number of cases wherein a voluntary dismissal is taken. Additionally, Williams rejected defendant’s contention that because he wanted a dismissal with prejudice and did not get it, he did not receive all of the relief requested, so as to make the dismissal appealable. 216 Ill. 299, 305. While this court is inclined to adopt the view expressed in dicta in Godowich and by way of dissent in Flores v. Dugan, we find that the decision in Flores and in Williams v. Breitung requires a conclusion that the order in the instant case is not a final, appealable order. We would note that in the light of the substantial dispute over this important area of appeal among members of the Illinois Supreme Court, this is a case which the court may well want to review on leave to appeal, so as to finally determine the matter. Based on the above, the appeal is dismissed. Appeal dismissed. STOUDER, P.J., and HEIPLE, J., concur.