(No. 59574.

GARY KAHLE, Appellee, v. JOHN DEERE COMPANY *et al.*, Appellants.

*Opinion filed November 30, 1984.*

RYAN, C.J., and MORAN, J., concurring.

Robert J. Noe and Max D. Cartwright, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellants.

Ronald G. Fleisher, of Karlin & Fleisher, Ltd., of Chicago (David A. Novoselsky, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

The first question to be answered is whether the voluntary dismissal of a case under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009) is a final order appealable by the defendant. If the dismissal is appealable, then we must decide whether trial or hearing had begun in this case.

On June 30, 1975, plaintiff, Gary Kahle, was injured while working with a portable grain elevator which had an undercarriage manufactured by the defendants, John Deere Company and Deere & Company (Deere), related corporations. In April 1977 he filed a products liability suit in the circuit court of Cook County. In June 1978 defendants' motion transferring venue to Ford County

was granted, and in January 1979 venue was again transferred, this time on the plaintiff's motion, to the circuit court of Rock Island County. The matter was set for trial on March 14, 1983. Pretrial motions, including motions *in limine* by both the plaintiff and the defendants, were heard on March 9, and again on March 14. The trial judge ruled in favor of the plaintiff on some motions and in favor of the defendants on others. After the noon recess on March 14, and before the jury had been selected, the plaintiff moved to voluntarily dismiss his case without prejudice under section 2—1009. Over the defendants' objection that trial had begun, and that therefore the plaintiff could not dismiss without prejudice under section 2—1009, the circuit judge dismissed without prejudice. He noted, "the Court feels that, pursuant to the cases that \*\*\* have been decided, that the Court would have to \*\*\* find that this trial has not commenced, and as far as the definition of the Section 2—1009 is concerned, and that, therefore, the Court is without discretion and must grant the nonsuit."

The defendants appealed, and the appellate court dismissed the appeal, holding that a voluntary dismissal without prejudice was not a final, appealable order. (119 Ill. App. 3d 850.) We granted defendants' petition for leave to appeal (87 Ill. 2d R. 315).

The defendants urge that a section 2—1009 dismissal is a final, appealable order, and that the dismissal in this case was erroneously granted because trial had already begun. Although we did not decide the issue, we have stated that such an order might be final for purposes of appeal even though it is without prejudice to the bringing of a new action (*Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157, 161 (citing instances of other dismissals which are final for purposes of appeal)). The plaintiff counters that our holding in *Flores v. Dugan* (1982), 91 Ill. 2d 108, reiterated in *Wold v. Bull Valley*

*Management Co.* (1983), 96 Ill. 2d 110, which involved involuntary dismissals, controls the disposition of this appeal even though it involves a voluntary dismissal. Thus, the plaintiff argues that a voluntary dismissal is not final and appealable or, in the alternative, that even if the order is appealable, it was proper because it was entered before trial or hearing began in this case. We agree with the defendants that this dismissal is appealable by the defendants, but since we find that trial or hearing had not begun, we must affirm the conclusion of the circuit court and vacate the appellate court order.

In *Flores* this court held that a dismissal for want of prosecution was not a final, appealable order. The original verdict for the plaintiff was set aside by the granting of a motion for a new trial. When the identical issue was raised in *Wold,* this court stated that *Flores* controlled.

*Flores* and *Wold* are distinguishable and do not control this case. A dismissal for want of prosecution is a sanction which issues against a plaintiff. As the court noted in *Flores*, any prejudice suffered by the plaintiff is easily remediable. The statute of limitations provides that the plaintiff has the absolute right to refile his case within one year (Ill. Rev. Stat. 1979, ch. 83, par. 24a, now Ill. Rev. Stat. 1983, ch. 110, par. 13—217); moreover, the order entered stated that it was a dismissal without prejudice. The rationale of the *Flores* opinion was that even if the trial judge abused his discretion in dismissing the case, the plaintiff, if he refiled, ultimately was not prejudiced.

By contrast, where, as here, the plaintiff has voluntarily dismissed his case, it is the defendant who may be prejudiced. Section 2—1009 provides that the plaintiff may voluntarily dismiss the case without prejudice "at any time before trial or hearing begins." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009.) If trial or hearing has begun, then under this section, the plaintiff can dismiss

only "on terms fixed by the court," one of which, of course, could be dismissal with prejudice. Thus, whether trial or hearing has begun is not a matter of discretion but rather a substantial legal question which determines whether the court erred by not deciding if any conditions should have been imposed on the dismissal.

This order cannot be appealed by the plaintiff since he requested the order, and following the logic of *Flores* and *Wold,* he is protected from prejudice by the statute of limitations which gives him the absolute right to refile the case within one year of a voluntary dismissal without prejudice (Ill. Rev. Stat. 1981, ch. 110, par. 13—217). (*Cf. Yoffe v. Keller Industries, Inc.* (5th Cir. 1978), 580 F.2d 126; *LeCompte v. Mr. Chip, Inc.* (5th Cir. 1976), 528 F.2d 601 (a similar Federal rule is a final order but is not appealable by the plaintiff unless he can show prejudice).) As to the defendants, however, the situation is different. The defendants' rights may have been prejudiced by the plaintiff's voluntary dismissal, but the defendants have no recourse unless they can appeal. If there is no review of the case, no court will be able to determine whether the trial judge correctly decided that trial or hearing had not begun and therefore correctly entered an order dismissing the case without prejudice. Although the plaintiff has refiled his case in Cook County, the new case is a separate cause of action. The new circuit judge has no jurisdiction to review the propriety of the dismissal of the earlier case by another circuit judge. (*Cf. People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 257; *People ex rel. East Side Levee and Sanitary District v. Madison County Levee and Sanitary District* (1973), 54 Ill. 2d 442, 445.) That is properly a matter for a reviewing court. *Farrell v. Dome Laboratories* (Alaska 1982), 650 P.2d 380; *Board of Commissioners v. Nevitt* (Ind. App. 1983), 448 N.E.2d 333 (construing trial rule 41(A) dealing with voluntary dismissal on order of

the court on terms and conditions set by the court as a final and appealable order).

For these reasons we hold that this order is final and appealable by the defendants, and therefore we must also decide whether trial or hearing had begun. The defendants suggest that trial began when the judge ruled on motions *in limine* on the date set for trial. They argue that the plaintiff should not be allowed to "test the waters" and then voluntarily dismiss the case after he receives adverse rulings. The defendants, who do not control the progress of the case, point out that they expended time and money in preparation for trial, and relied upon the trial judge's representation that this was a firm trial date. After the plaintiff's motion for a continuance was denied, the plaintiff then moved to voluntarily dismiss without prejudice, intending to refile the case again. The defendants complain that they must now prepare again and expend more time and money.

While it is unfortunate that the defendants have been inconvenienced, that sometimes happens in our adversary system. As long as the dismissal order is subject to review, the defendants have suffered no legal prejudice. As the plaintiff points out, he could have voluntarily dismissed without prejudice on the morning set for trial, before the motions *in limine* were heard; there would have been no question that trial or hearing had not begun at that point. Yet, the case would still have been prepared and the clients' money expended before the "trial date." Whatever additional time and expense were involved in the two-hour proceeding that morning, trial still had not begun. At common law, the plaintiff could voluntarily dismiss without prejudice at any point before the judgment was returned. The legislature attempted to discourage vexatious suits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing com-

menced. (See Historical and Practice Notes, Ill. Ann. Stat., ch. 110, par. 2—1009, at 416-17 (Smith-Hurd 1983).) Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court.

This court has not addressed the question of when trial begins. The matter has been considered by our appellate court, and we adopt its analysis. *Cosmopolitan National Bank v. Goldberg* (1959), 22 Ill. App. 2d 4, arose on facts similar to those here. Plaintiff sued in forcible entry and detainer. On the trial date, both sides answered ready for trial, and the venire was brought into the courtroom but was neither interrogated nor sworn. A preliminary conference was held in the judge's chambers, during which the trial judge allowed the defendant 10 days to withdraw and amend his affidavit of defense, and allowed the plaintiff time to file a response. During this period, the court granted plaintiff's motion for voluntary dismissal without prejudice under section 52 of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 52, now Ill. Rev. Stat. 1981, ch. 110, par. 2—1009). The appellate court held that the pretrial conference was not the statutory beginning of trial, nor was the mere summoning of the potential jurors to the courtroom. No jury had been sworn (*Wilhite v. Agbayani* (1954), 2 Ill. App. 2d 29), nor had counsel made an opening statement (*Gilbert v. Langbein* (1951), 343 Ill. App. 132).

In *Wilhite,* the jury had been examined and sworn, the trial had been continued to another date, and on the second date, as a result of an adverse ruling by the court, the plaintiff moved to dismiss the case under section 52. The appellate court held that trial had begun. (2 Ill. App. 2d 29, 33.) In *Gilbert,* the jury had been sworn and counsel had made an opening statement; trial had begun. 343 Ill. App. 132.

In this case, no jury had been selected; no prospective jurors had been examined or sworn; and counsel had made no opening statement. Under the law in effect in this State, trial had not begun.

Motions *in limine* are pretrial motions. They provide the parties with an opportunity to obtain rulings by the trial judge without the jury being aware of the motions, and therefore prevent the jury being prejudiced by the motion itself. (*Reidelbarger v. Highland Body Shop* (1981), 83 Ill. 2d 545, 549-50.) Even though the motions *in limine* were heard on the date scheduled for trial, they concerned pretrial matters and were not part of the trial itself.

Finally, we note that section 2—1009 refers to a "trial or hearing." The defendants do not contend that a "hearing" had begun, but only that "trial" had begun. In any event, in the context of section 2—1009, "hearing" is the equitable equivalent of a trial. *Menard v. Bowman Dairy Co.* (1938), 296 Ill. App. 323; *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 879; 30A C.J.S. *Equity* sec. 480, at 502-03 (1965).

In *Menard,* the appellate court affirmed the trial court's denial of a motion for voluntary dismissal under section 52, reasoning that, since various proceedings had taken place before a master in chancery, the motion was not made before trial or hearing began. The *Menard* court noted that "hearing" relates to chancery proceedings, in contrast to a "trial" at law. Including the word "hearing" as well as the word "trial" insured that section 52 would apply to proceedings in equity as well as proceedings at law. Both a trial and a hearing involve a determination of the parties' rights. (*In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 879; see also *Long v. City of New Boston* (1981), 91 Ill. 2d 456, 461.) In other words, a hearing is a nonjury proceeding in which evidence is taken on the merits. Holding that rulings on

motions *in limine* constitute a "hearing" somehow different, but still of comparable stature to the "trial" to follow would distort the language of the statute and the concept of such motions. We therefore hold that neither trial nor hearing had begun in this case.

For the reasons explained above, the appellate court order dismissing the appeal is vacated, and the order of the circuit court dismissing the case without prejudice is affirmed.

*Appellate court vacated;*
*circuit court affirmed.*

CHIEF JUSTICE RYAN, concurring:

In view of the prior holdings of this court, I concur in the holding of this case. However, the facts involved demonstrate a grave abuse of the extension of the statute of limitations provided in section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), which permits the commencement of a new action within one year after a voluntary dismissal by the plaintiff.

The plaintiff in this case was injured more than 9½ years ago. Since that time the attorneys have been jockeying for position, each seeking a favorable forum. In plaintiff's brief, an emotional argument is made that the defendants "now seek to bar plaintiff, a paraplegic, from seeking any relief whatsoever." In my opinion, the dispatch with which plaintiff's claim has been handled by his counsel in this case does not show much concern for his plight.

The purpose of the statute authorizing the refiling within one year after the voluntary dismissal of the case is to protect the plaintiff from his loss of the right to relief on the merits because of some procedural defect. (*Kutnick v. Grant* (1975), 33 Ill. App. 3d 37; *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071.) Its provisions

should not be abused by using the statute as a means of forum shopping.

I suggest that the General Assembly consider limiting the right to refile after a voluntary dismissal under section 13—217 to prevent the abuse apparent in this case. Also, I invite my colleagues to consider amending our Rule 273 (87 Ill. 2d R. 273) for the same purpose.

JUSTICE MORAN joins in this concurrence.