WILLIAM JACKSON, a Minor, by his Father and Next Friend, Robert Jackson, Plaintiff-Appellant, v. SCHENCKER & SCHENCKER, Defendant-Appellee.

First District (1st Division)   No. 84—2678

Opinion filed May 27, 1986.—Rehearing denied June 30, 1986.

Lewis L. Hu, of Law Office of Robert C. Morton, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Mark C. Fedota, Ann W. Regan, and M. Jayne Rizzo, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

The minor plaintiff, William Jackson, takes this appeal from the trial court order of June 5, 1984, granting the motion to dismiss of defendant's, Schencker & Schencker's, and an order denying plaintiff's motion for reconsideration. The trial court dismissed a complaint against defendant which was identical to a complaint in a prior cause of action filed by plaintiff. The previous action was dismissed on October 14, 1980, pursuant to a settlement entered into by the parties at a pretrial conference. On appeal, plaintiff contends that the October 14, 1980, order of dismissal entered at pretrial was a voluntary order entered without prejudice which does not bar him from refiling his suit.

The record reveals that on February 8, 1977, the plaintiff filed

an action for personal injuries against defendant alleging negligent maintenance of the apartment building where the minor plaintiff resided, resulting in lead poisoning of the plaintiff. At a pretrial hearing on October 14, 1980, the parties agreed to settle and dismiss the case. A form order used by the court was entered which recited that the cause had been settled by agreement of the parties and was dismissed without costs. By separate letter, the parties further agreed that the dismissal order could be vacated if the plaintiff's performance in school during the fall semester of 1980 was inadequate. Thereafter, plaintiff rejected the settlement and refused to execute releases. On January 26, 1982, plaintiff filed a petition to vacate the dismissal (Ill. Rev. Stat. 1979, ch. 110, par. 72) of October 14, 1980. The court ordered that the plaintiff be tested for symptoms of lead poisoning. On June 28, 1982, following a full hearing, including a consideration of plaintiff's test results, the court denied plaintiff's petition to vacate the dismissal.

On December 13, 1983, the plaintiff refiled the same cause of action. At a hearing on defendant's motion to dismiss, the trial court requested that the parties appear before the pretrial judge who entered the prior dismissal order for clarification of the circumstances of the entry of the order. The pretrial judge entered an order of clarification stating that it was the understanding of the court and the parties that the dismissal order of October 14, 1980, was final. Subsequently, the trial court entered an order granting the defendant's motion to dismiss the refiled action.

On appeal, plaintiff argues that since the October 14, 1980, order following the pretrial hearing was entered without prejudice, he should be permitted to refile the action. Plaintiff contends that under the Code of Civil Procedure, a dismissal pursuant to settlement is a voluntary dismissal (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009) which allows a plaintiff to refile his action within one year (Ill. Rev. Stat. 1983, ch. 110, par. 13—217).

Plaintiff relies on *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, *In re Marriage of Wright* (1981), 92 Ill. App. 3d 708, 415 N.E.2d 1196, and *Gilbert v. Langbein* (1951), 343 Ill. App. 132, 98 N.E.2d 140. In *Kahle*, the plaintiff voluntarily dismissed his case without prejudice, pursuant to section 2—1009, following preliminary motions, but prior to trial. The defendants objected that trial had begun and plaintiff, therefore, could not dismiss without prejudice under section 2—1009. The court held that the dismissal order was appealable by the defendant because the defendant could be prejudiced by plaintiff's unilateral decision to voluntarily

dismiss on the eve of trial. The plaintiff was permitted to commence a new cause of action within one year under section 13—217. We find the holding of *Kahle* inapplicable to the case at bar. The order here was not a voluntary dismissal under section 2—1009, which would allow for a refiling of the action, but rather, a final order of dismissal based on the settlement agreement entered into by the parties. The other authorities cited by plaintiff (*In re Marriage of Wright* (1981), 92 Ill. App. 3d 708, 415 N.E.2d 1196; *Gilbert v. Langbein* (1951), 343 Ill. App. 132, 98 N.E.2d 140) are also inapplicable to this case since, like *Kahle*, they uphold a plaintiff's right to refile after voluntary dismissal prior to trial under section 2—1009.

■■ ■ From our review of the record, we hold that this cause was properly dismissed because the prior order of dismissal pursuant to settlement constituted a final order. In *Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 374 N.E.2d 1078, a personal injury action was dismissed after the parties entered into a settlement agreement. In examining the order of dismissal on review, the court held that a dismissal order entered pursuant to settlement is a final order and that a plaintiff's proper avenue of relief from the order was a motion to vacate the judgment. (58 Ill. App. 3d 875, 877, 374 N.E.2d 1078, 1080.) In the instant case, plaintiff's motion to vacate the prior judgment was denied and he did not appeal that decision. Since the prior order of dismissal was a final order, and plaintiff has exhausted his avenues of relief from that order, plaintiff's refiling of the same cause of action cannot withstand defendant's motion to dismiss.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and QUINLAN, J., concur.