GARY KAHLE, Plaintiff-Appellant, v. JOHN DEERE COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 86—0020

Opinion filed December 29, 1986.

Ronald G. Fleisher, of Karlin & Fleisher, of Chicago (David A. Novoselsky, of counsel), for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago, and Bozeman, Neighbour, Patton & Noe, of Moline (Ellen J. Kerschner, Richard J. Geddes, and Robert J. Noe, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

This dispute has its origins in a previous version of this case. (*Kahle v. John Deere Co.* (1983), 119 Ill. App. 3d 850, 457 N.E.2d 159, vacated (1984), 104 Ill. 2d 302, 472 N.E.2d 787 (*Kahle I*).) In *Kahle I*, the trial court granted defendant's motion for transfer of venue from Cook County to Ford County. The case was thereafter transferred by agreement of the parties to Rock Island County. Just before the case was scheduled to begin in Rock Island County, the

plaintiff moved for a voluntary dismissal which was granted. The defendants appealed this dismissal claiming that they were prejudiced by its lateness. The appellate court accepted defendants' argument, but the supreme court reversed holding that the dismissal order was final and appealable, and the trial court had not erred in granting the plaintiff's motion for voluntary dismissal. *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 306-07, 472 N.E.2d 787, 789-90.

During the pendency of the appeal in *Kahle I*, the plaintiff refiled the identical lawsuit in Cook County (Kahle II). Defendant moved to transfer venue. This motion was stricken, and defendants' motion for reconsideration was denied and sanctions levied to move the case to trial. The defendants petitioned the supreme court for a supervisory order. The supreme court granted defendants' petition and ordered the trial court to vacate its order striking defendants' motion to transfer venue and denying defendants' motion for reconsideration. Furthermore, the supreme court ordered the trial court to reassign the case to another judge for a determination of the venue question.

The case was reassigned to Judge Berman. After hearing argument on the case, Judge Berman ruled that he was bound under *res judicata*, collateral estoppel, or law of the case because of the order transferring venue in *Kahle I*. He further ruled that there was no change in circumstances sufficient to modify the *Kahle I* venue transfer order. Under Supreme Court Rule 308 (87 Ill. 2d R. 308), Judge Berman certified the following question for an interlocutory appeal:

> "Whether the granting of a motion to transfer venue from the Circuit Court of Cook County, made in a case which is subsequently dismissed voluntarily by the plaintiff pursuant to Section 2—1009 of the Illinois Code of Civil Procedure, is binding when the case is refiled in Cook County pursuant to Section 13—217 of the Illinois Code of Civil Procedure."

In its supervisory order the supreme court expressly ordered that "the case proceed to a *determination of the venue question* before another judge of the Circuit court of Cook County." [Emphasis added.] A plain reading of the supervisory order indicates that the supreme court contemplated that on remand the new circuit court judge would *determine* the venue question on the merits. Such a determination would involve a *de novo* ruling on the defendants' transfer of venue motion. If the supreme court had felt that the transfer of venue order in *Kahle I* bound the judge in Kahle II, as a matter of law, it certainly would not have remanded the case back to a dif-

ferent judge for a determination. Thus, Judge Berman erred when he failed to rule on the merits of defendants' motion for transfer of venue.

■■ Judge Berman's ruling that he was bound by the trial court's transfer of venue order in *Kahle I* also runs counter to the legislature's purpose when it promulgated section 2—1009 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). Under section 2—1009, a plaintiff may, at any time before trial or hearing begins, voluntarily dismiss his complaint without prejudice upon notice to all parties and upon payment of costs. In *Kahle I*, our supreme court explained the historical context for this rule. (*Kahle v. John Deere Co.* (1983), 104 Ill. 2d 302, 472 N.E.2d 787.) *Kahle I* observed that the right to voluntarily dismiss is not a right given by the Code, but rather a right stemming from the common law. At common law, a plaintiff had the right to voluntarily dismiss without prejudice at any time prior to judgment. The purpose of the legislature's enactment of section 2—1009, limiting the exercise of the right to voluntary dismissal prior to trial or hearing, was to avoid vexatious lawsuits. *Kahle I* noted, however, that "[a]ny further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." (104 Ill. 2d 302, 308, 472 N.E.2d 787, 789.) The trial court's ruling that it was bound by the transfer of venue order in Kahle I was erroneous because it imposed a "further limit" on the plaintiff's absolute right to voluntarily dismiss.

We therefore conclude that the transfer of venue order in *Kahle I* did not constitute a binding determination of the venue question in Kahle II. Accordingly, we reverse and remand this case for a *de novo* ruling on venue unfettered by any rulings in *Kahle I*.

Reversed and remanded.

QUINLAN, P.J. and O'CONNOR, J., concur.