EPIFANIA GARCIA, Plaintiff-Appellee, *v.* GALO LOZADA *et al.*, Defendants-Appellants.

First District (5th Division) No. 76-1336

Opinion filed March 31, 1978.

Vincent C. Lopez, of Chicago (Cleta M. Glenn, of counsel), for appellants.

Gordon, Schaefer & Gordon, Ltd., of Chicago (Michael W. Schaefer, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought this action to recover damages for personal injuries sustained in a building owned by defendants. Nearly one year after the case was ordered dismissed by agreement of the parties, the circuit court granted plaintiff's motion to vacate the dismissal, set the cause for trial and entered an ex parte judgment against the defendants. The circuit court denied defendants' petition for relief from the vacatur and the ex parte judgment, and defendants have brought this appeal.

We reverse. The pertinent facts follow.

On October 4, 1972, plaintiff filed suit alleging her injury in a fall on a negligently maintained common stairway located in rental property owned by defendants. A default judgment was entered against defendants on September 10, 1973. On October 10, 1973, defendants' motion to vacate the default judgment was entered, and on January 8, 1974, the judgment was vacated and defendants ordered to file their appearance and answer within 28 days. On January 9, 1974, the cause was dismissed for want of prosecution. Defendants filed their appearance and answer on February 1, 1974, and plaintiff initiated discovery proceedings.

Pursuant to plaintiff's petition, the dismissal of January 9, 1974, was vacated and plaintiff's claim was reinstated on August 6, 1974. Following further attempts at discovery, the court entered an order setting the time within which the parties were to complete discovery and set the cause for trial on October 28, 1974.

On October 28, 1974, defendants entered a motion to strike plaintiff's pleadings. That motion and the trial were continued to November 1, 1974, at which time the court entered the following order:

"By agreement between the parties hereto, it is ordered by the Court that this suit be and the same is hereby DISMISSED without costs."

No further proceedings appear of record until September 29, 1975. Plaintiff then filed a notice of motion with proof of service by mail on defendants' attorney, setting forth that on that date counsel would

"* * * move to vacate the court's order of dismissal by agreement entered on November 1, 1974 and to enter judgment in the sum of $900.00 plus costs as per the agreed settlement figure for the reason that the defendants have failed to and refused to tender the agreed sum to the plaintiff."

The motion was entered and continued to October 14, 1975. No proceedings appear in the record for the latter date. On October 20, 1975, an order was entered sustaining the motion to vacate and setting the cause

for trial on November 10, 1975. On the latter date, an ex parte judgment for $4000 was entered against defendants.

On April 13, 1976, defendants filed a verified petition to vacate all orders entered after the dismissal order of November 1, 1974, claiming the trial court was without jurisdiction to vacate the dismissal order. The petition alleged that the parties agreed to settle the matter for $750 to be paid by defendants to plaintiff, that defendants were without notice of the November 10, 1975, trial date, and that they had no knowledge of the $4000 judgment until after March 1, 1976, following the service of summons on February 26, 1976, in garnishment of a bank account of one of the defendants. Plaintiff filed a response that the agreed settlement was $900 rather than $750 and had not been paid, to which defendants filed a reply. Upon hearing defendants' petition was denied. Defendants appeal from the order denying their petition.

Opinion

The defendants first contend that the trial court was without jurisdiction to vacate the agreed dismissal order entered November 1, 1974.

■■ The dismissal order in question was a final order and relief from it could be sought only as provided by section 50 or section 72 of the Civil Practice Act. Ill. Rev. Stat. 1975, ch. 110, pars. 50, 72.

■■ Section 50(5) of the Civil Practice Act provides in pertinent part:
> "The court * * * may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1975, ch. 110, par. 50(5).)

Motions brought under section 50(5) will be treated liberally if filed within 30 days of the final order. (*Village of Mundelein v. Turk* (1974), 24 Ill. App. 3d 223, 321 N.E.2d 191; *Keafer v. McClelland* (1974), 23 Ill. App. 3d 1035, 321 N.E.2d 136.) However, once 30 days has elapsed, the request for relief may be entertained only under section 72. (*Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621.) The period of time between the entry of the dismissal order on November 1, 1974, and the filing of plaintiff's motion on September 29, 1975, far exceeded the 30-day limit set by section 50(5). Therefore, if relief from the dismissal order could be had by plaintiff, it would be available only under section 72.

Section 72 provides for relief from final orders after 30 days but not later than two years from entry, by petition described in that section as follows:
> "The petition must be filed in the same proceeding in which the order, judgment or decree was entered but is not a continuation thereof. The petition must be supported by affidavit or other

appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule." Ill. Rev. Stat. 1975, ch. 110, par. 72(2).

■■ The notice of motion filed by plaintiff on September 29, 1975, was timely for relief under section 72. However, no affidavit accompanied the notice, nor was any written petition or motion filed. The notice of motion served on defendants, although it contains a statement of what motion would be presented, is not in itself a motion or petition. (*Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 338 N.E.2d 188.) Furthermore, the notice of motion is not in accordance with Supreme Court Rules 105 and 106 as applicable under section 72 for it contains no copy of any pleading, does not require a responsive pleading and was merely served on counsel by mailing six days before it was to be heard. (Ill. Rev. Stat. 1975, ch. 110A, pars. 105, 106.)

Plaintiff's September 29, 1975, motion to vacate the November 1, 1974, dismissal order is clearly insufficient in both form and content to warrant relief under section 72. Even assuming arguendo that the motion is sufficient in form to allow relief under section 50(5), it fails to meet the requirement thereunder that the motion be filed within 30 days of the dismissal order. Accordingly, the trial court was without authority to vacate the dismissal order of November 1, 1974, and to reinstate the case. Therefore, all proceedings after the order of dismissal are void for lack of jurisdiction.

A judgment or order which is void for want of jurisdiction may be set aside at any time and may be challenged in a section 72 proceeding. (*Friedman v. Jackson Park Drug Co.* (1974), 19 Ill. App. 3d 968, 312 N.E.2d 801.) Defendants' section 72 petition was sufficient to raise the question of jurisdiction and should have been allowed to vacate all orders entered after November 1, 1974.

In view of the foregoing, we need not consider defendants' contention that they were denied due process.

■■ Consistent with the foregoing, and pursuant to our authority under Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)(5)), the order denying defendants' section 72 petition is reversed, the prayer of the petition is granted, and all orders entered by the trial court subsequent to November 1, 1974, to and including the judgment entered November 10, 1975, are vacated and held for naught.

Denial of petition reversed; petition granted; orders and judgment vacated.

SULLIVAN, P. J., and LORENZ, J., concur.