*In re* MARRIAGE OF N. JOSEPH DI ANGELO, Petitioner-Appellant and Cross-Appellee, and MITZIE DI ANGELO, Respondent-Appellee and Cross-Appellant.

Second District   Nos. 2—86—0879, 2—86—0974, 2—87—0007 cons.

Opinion filed August 12, 1987.

Richard Gigante, of Chicago (Paul R. Jenen, of counsel), for appellant.

Michael J. Scalzo, of Hannon & Scalzo, of Oak Brook (Lloyd E. Dyer, Jr, of counsel), for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

This consolidated appeal is from orders of the circuit court of Du Page County entered in connection with the dissolution of the marriage of petitioner, N. Joseph DiAngelo, and respondent, Mitzie DiAngelo. Petitioner appeals from the judgment for dissolution of marriage, an order modifying that judgment, and an order awarding equitable maintenance to respondent pending this appeal. Respondent cross-appeals from the judgment for dissolution of marriage and the order modifying that judgment.

Petitioner and respondent were married on August 15, 1978. Beginning in 1982, the parties experienced periodic marital difficulties, which included multiple separations and reconciliations. They separated a final time in January 1985, and, following a hearing, their marriage was dissolved on July 17, 1986. The judgment was modified by an order dated August 19, 1986, and these two orders taken together resolved all of the issues in the case, including those concerning dissolution of the marriage, property classification and distribution, and maintenance. A separate order entered subsequently granted petitioner a stay pending his appeal and scheduled a hearing

on whether, and how much, equitable maintenance should be paid to respondent pending the appeal. After the hearing, the court ordered petitioner to pay respondent $800 per month in equitable maintenance pending appeal. This appeal consolidates the appeals and the cross-appeal taken from the various orders entered in this case.

The issues raised on appeal concern two subjects: the distribution of property between the parties and the award of equitable maintenance, both pursuant to the provisions of the Illinois Marriage and Dissolution of Marriage Act (IMDMA). (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*) With respect to the property distribution, petitioner contends that the award of $183,000 in property to respondent was against the manifest weight of the evidence and that the trial court abused its discretion when it found that jewelry of respondent's, which was disposed of by petitioner, was worth $12,000. Respondent contends on cross-appeal that the trial court erroneously classified the entirety of an Individual Retirement Account (IRA) and a pension as petitioner's nonmarital property. With respect to equitable maintenance, petitioner contends that the trial court lacked jurisdiction to award it and that its award was an abuse of discretion and against the manifest weight of the evidence. We affirm the order awarding equitable maintenance, reverse the property distribution provisions of the judgment of dissolution of marriage as modified, and remand for a new hearing with respect to the classification and distribution of property.

Three issues are raised concerning the classification and distribution of property. We will first address the issue raised by respondent on cross-appeal challenging the trial court's treatment of petitioner's entire pension and IRA as his sole nonmarital property.

For many years prior to the marriage of the parties, and through the time of the hearing, petitioner was employed by the Allstate Insurance Company. Through his employment, petitioner owned a profit sharing account worth $37,210.48 and an interest in a pension plan which had a cash value of $97,001.01 immediately prior to the parties' 1978 marriage. The profit sharing account was rolled over into the aforementioned IRA in December 1984; however, this does not affect its classification as marital or nonmarital property. (See Ill. Rev. Stat. 1985, ch. 40, pars. 503(a)(2), (a)(6), (b).) In the judgment, the court stated, *inter alia*:

"[T]he Petitioner never conveyed or transferred any interest that he had prior to marriage in his Sears Profit Sharing Account $100,000.00 of which he rolled over into an I.R.A. Account [*sic*] and that said accounts have a present value of

$130,000.00 and this the Court finds to be non-marital property and awards the same to the Petitioner. Likewise the Petitioner kept as his sole property all right, title and interest to his All-state Pension Plan which the Court finds has a present approximate value of $237,000.00.

The Court finds that this is non-marital property and awards the same to the Petitioner.

Evidence disclosed that the Petitioner alone acquired and paid for these assets beginning with his employment with Sears-Allstate Insurance Company in excess of 30 years ago and long prior to his intermarriage with the Respondent. The Court notes that an increase in non-marital property is non-marital property irrespective of whether the increase results from a contribution of marital property, non-marital property, the personal effort of a spouse, or otherwise, subject to the right of reimbursement provided in Ill. Rev. Stat. Ch. 40, Sec. 503(c)(2) and 503 (a)(7).

The Court further notes that income from non-marital property is itself non-marital property unless the income is attributable to the personal effort of a spouse, Ch. 40, Sec. 503(a)(8)."

The court did not make any further findings with respect to the pension and IRA.

The pension and profit sharing account were petitioner's prior to his marriage to respondent, and so initially were his nonmarital property. (Ill. Rev. Stat. 1985, ch. 40, par. 503(a)(6).) The IRA was acquired in exchange for the profit sharing account, and so remained petitioner's nonmarital property. (Ill. Rev. Stat. 1985, ch. 40, par. 503(a)(2).) The increase in value of the pension and the IRA (profit sharing account), from whatever source, was also petitioner's nonmarital property. (Ill. Rev. Stat. 1985, ch. 40, par. 503(a)(7).) Since, as the court found, petitioner never transferred the pension or the IRA (profit sharing account) into any form of co-ownership with respondent (Ill. Rev. Stat. 1985, ch. 40, par. 503(b)), the court correctly concluded that the pension and the IRA were entirely the nonmarital property of petitioner. The court erred, however, in ending its analysis with the classification of the property as nonmarital.

■ The problem lies in the court's failure to make findings regarding the source of the increase in the value of the pension and the IRA (profit sharing account). This is a problem because, while the increase in value is petitioner's nonmarital property irrespective of its source, it is "subject to the right of reimbursement provided in" section 503(c) of the IMDMA (Ill. Rev. Stat. 1985, ch. 40, par. 503(a)(7)),

and that right of reimbursement depends upon the source of the increase in value (Ill. Rev. Stat. 1985, ch. 40, par. 503(c)(2)). Specifically, the statute provides:

"Commingled marital and non-marital property shall be treated in the following manner, unless otherwise agreed by the spouses:

\* \* \*

(2) When one estate of property makes a contribution to another estate of property, or when a spouse contributes personal effort to non-marital property, the contributing estate shall be reimbursed from the estate receiving the contribution notwithstanding any transmutation; provided, that no such reimbursement shall be made with respect to a contribution which is not retraceable by clear and convincing evidence, or was a gift, or, in the case of a contribution of personal effort of a spouse to non-marital property, unless the effort is significant and results in substantial appreciation of the non-marital property. Personal effort of a spouse shall be deemed a contribution by the marital estate. The court may provide for reimbursement out of the marital property to be divided or by imposing a lien against the non-marital property which received the contribution." (Ill. Rev. Stat. 1985, ch. 40, par. 503(c)(2).)

Thus, if the increase in the value of the pension and the IRA (profit sharing account) resulted from a contribution of the marital estate, then the marital estate was entitled to reimbursement. Moreover, if that contribution from the marital estate was in the form of the personal effort of petitioner, the marital estate would still be entitled to reimbursement if that personal effort was significant and resulted in substantial appreciation of the pension and IRA (profit sharing account). We note that it is entirely possible that these latter two conditions were met, since the properties involved were plans petitioner participated in through his employer, and he worked for that employer during the entire duration of his close to eight years of marriage to respondent. However, since the trial court made no findings with respect to reimbursement, this cause must be remanded for a new hearing.

Most of petitioner's first argument regarding the propriety of the distribution of property consists of claims that the distribution was inequitable and against the manifest weight of the evidence. Since the equity of the distribution depends in part upon the amount of reimbursement to which the marital estate may be entitled, petitioner may reargue his position to the trial court on remand. *In re Marriage of*

*Frazier* (1984), 125 Ill. App. 3d 473, 477, 466 N.E.2d 290, 293-94; see also *In re Marriage of Rubinstein* (1986), 145 Ill. App. 3d 31, 38, 495 N.E.2d 659, 664.

Petitioner's final issue regarding classification and distribution of property concerns the trial court's ordering that respondent be reimbursed for jewelry disposed of by petitioner. The classification of the property is not seriously disputed. The jewelry consisted of items owned by respondent prior to her marriage to petitioner and of items she received as gifts during the marriage. (Ill. Rev. Stat. 1985, ch. 40, pars. 503(a)(1), (6).) It is clear that the trial court considered the jewelry to be respondent's nonmarital property, since the judgment refers to it as her "personal jewelry" and orders that she (and not the marital estate) be reimbursed for the full amount of the value found for the jewelry. Although petitioner in his argument refers to the dissipation of marital property, he makes no argument that the jewelry was marital property and makes no response to respondent's argument that it was nonmarital property.

■ The parties do dispute the propriety of the trial court's determination that the value of the jewelry was $12,000. Petitioner testified that he sold the jewelry to a jewelry store for $2,200. Respondent testified to her recollection as to original costs and appraised values of the items totalling $16,000. Petitioner testified to his recollection of the original costs of several of the items and the appraised value of one, which were lower than the amounts respondent testified to for the same items and which would reduce the total to approximately $9,000. Petitioner makes essentially two arguments with respect to the value of the jewelry.

First, he argues:

> "Assuming Mr. DiAngelo knew the cost of the items of jewelry he was purchasing for Mrs. DiAngelo, Mrs. DiAngelo's method of valuing her jewelry has resulted in an over-valuation by $7,000.00."

Essentially, petitioner here contends that the court should have believed his testimony rather than respondent's where the two disagreed with respect to the value of the jewelry. The trial court was in a superior position to determine the credibility of these witnesses whose testimony was conflicting, and we will not substitute our judgment for that of the trial court on this basis. *C. Hutchinson & Co. v. E. W. Lancaster, Inc.* (1983), 119 Ill. App. 3d 610, 614, 456 N.E.2d 983, 986.

■ Second, petitioner argues:

> "The cost basis analysis, however, is not the proper method

for determining the present value of Mrs. DiAngelo's jewelry. The best evidence of the present value of any property is the amount for which the property can be sold in the market place."

Essentially, petitioner here contends that the trial court used an improper method of valuing the jewelry and that the method petitioner suggests would be the proper one. Petitioner, however, does not cite to any authority supportive of his central assertions that the method used by the trial court was improper and that the method petitioner suggests was both proper and better. The contentions regarding the appropriate method of valuing the jewelry have therefore been waived and will not be considered. 107 Ill. 2d R. 341(e)(7); *In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 688-89, 474 N.E.2d 911, 914.

■ Petitioner raises three issues with respect to the award of equitable maintenance pending appeal under section 504(c) of the IMDMA. (Ill. Rev. Stat. 1985, ch. 40, par. 504(c).) First, he argues that the trial court lacked jurisdiction to award equitable maintenance because respondent did not file a petition and an affidavit requesting it. He cites no authority which stands for the proposition that the filing of a written petition and an affidavit is necessary to the trial court's jurisdiction to award equitable maintenance pending appeal. The closest petitioner comes to citing authority for this claim is the case of *Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 878, 374 N.E.2d 1078, 1080, which petitioner cites in support of the proposition:

"Where a trial court enters an order without the party seeking relief filing a proper motion and affidavit, the court's order is void for lack of jurisdiction."

*Garcia,* which involved a motion to vacate an order which was untimely under section 50(5) and was insufficient in form and content under section 72 of the old Civil Practice Act, simply does not stand for the general proposition with respect to the circuit court's jurisdiction for which it is cited. (*Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 374 N.E.2d 1078; see Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 72.) We see no merit to petitioner's claim that the first contention with respect to the award of equitable maintenance is jurisdictional and so will consider it as merely a claim that the trial court erred in making the award.

Petitioner's first argument on equitable maintenance runs:

"Section 105 of the Illinois Marriage and Dissolution of Marriage Act provides that the Illinois Code of Civil Procedure shall apply to all proceedings under the Illinois Marriage and Dissolution of Marriage Act except as otherwise provided in

that act. Ill. Rev. Stat. c. 40, sec. 105. Section 2—620 of the Illinois Code of Civil Procedure provides that the form and content of motions, notices regarding the same, hearings on motions, and all other matters of procedure relative thereto, shall be according to rules. Ill. Rev. Stat. c. 110, sec. 2—620. Section 501 of the Illinois Marriage and Dissolution of Marriage Act provides that in all proceedings under the act, temporary relief with reference to either temporary maintenance or temporary child support shall be by motion accompanied by an affidavit as to the factual basis for the relief requested. Ill. Rev. Stat., c. 40, sec. 501(a)(1)."

Petitioner did not make this argument in the trial court. Although he did note the absence of a petition, he did not contend that equitable maintenance should not be awarded for that reason. The failure to raise the issue now asserted in the trial court waived it, and we will not now consider it. *People v. Amerman* (1971), 50 Ill. 2d 196, 197, 279 N.E.2d 353, 354 ("a nonjurisdictional question which has not been properly presented in the trial court and preserved for review will not be considered on appeal"); *Northern Trust Co. v. Winston* (1975), 32 Ill. App. 3d 199, 207-08, 336 N.E.2d 543, 549 ("objections not raised at trial and objections upon a different basis than made at trial cannot be asserted on appeal"); see also *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 457-58, 371 N.E.2d 1012, 1018 (where the question goes to the jurisdiction of a court over a particular case rather than to general subject matter jurisdiction, "the rule is that where the parties have adjudicated their rights before the court to a final judgment without objection to the court's right to hear the cause, the parties will be bound on appeal so far as the question of jurisdiction over the particular case is concerned").

Second, petitioner contends that "the trial court abused its discretion in awarding equitable maintenance where the wife [respondent] had filed a cross appeal." (See Ill. Rev. Stat. 1985, ch. 40, par. 504(c).) In the trial court, petitioner did not claim that respondent's filing of a cross-appeal precluded an award of equitable maintenance pending appeal. This issue therefore was waived and will not be addressed.

■ Third, petitioner argues that the award of equitable maintenance constituted an abuse of discretion because respondent did not establish her eligibility to receive maintenance under section 504(a) of the IMDMA. (Ill. Rev. Stat. 1985, ch. 40, par. 504(a).) However, section 504(a) is beside the point, since the equitable maintenance granted was awarded pursuant to section 504(c), which provides the court with broad discretion in granting equitable maintenance pending

appeal, without subjecting that discretion to the eligibility requirements set forth in section 504(a). Compare Ill. Rev. Stat. 1985, ch. 40, par. 504(a) with par. 504(c).

Section 504(c) provides:

> "The court may grant and enforce the payment of such money for equitable maintenance during the pendency of an appeal which is against the party receiving such equitable maintenance, as the court shall deem reasonable and proper." (Ill. Rev. Stat. 1985, ch. 40, par. 504(c).)

The question before us is whether it was an abuse of discretion for the trial court to deem $800 per month in equitable maintenance reasonable and proper.

■ The judgment for dissolution of marriage distributed a substantial amount of property to respondent, property worth $183,000, according to petitioner. The judgment made the apportionment of the property "in lieu of any maintenance entitlement by Respondent." On petitioner's motion, a stay of the judgment pending appeal was entered so, as the trial court noted, respondent does not have the use of the assets awarded to her during this appeal. Under these circumstances, an award of equitable maintenance under section 504(c) was particularly appropriate. (See Ill. Ann. Stat., ch. 40, par. 504(c), Historical and Practice Notes, at 531 (Smith-Hurd 1980) ("where property has been awarded in lieu of maintenance, section 413(a) [which provides that maintenance payments are not stayed by an appeal] *** would not afford protection to the dependent spouse").) Moreover, it cannot be said that the amount of $800 per month constituted an abuse of discretion, particularly in view of respondent's modest salary (about $16,000 per year) out of which she was also required to support a son from a previous marriage.

The judgment of the circuit court of Du Page County is affirmed with respect to the award of equitable maintenance, reversed with respect to the classification and distribution of property, and the cause is remanded for a new hearing on the classification and distribution of property. We express no opinion as to whether, after the hearing, the trial court should award respondent a greater or a lesser share of the marital assets.

Affirmed in part; reversed in part and remanded.

NASH and INGLIS, JJ., concur.