REGINALD B. HOWARD, Plaintiff-Appellant, v. JAMES DRUCKEMIL-LER *et al.*, Defendants (Patricia S. Hedstrom, n/k/a Carr, Defendant-Appellee).

Second District   No. 2—91—0784

Opinion filed December 29, 1992.—Rehearing denied February 10, 1993.

Donald M. Orstrom, of Glen Ellyn, for appellant.

Thomas L. Knight, of Walsh, Knippen, Knight & Diamond, of Wheaton, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Reginald B. Howard, appeals from the trial court's dismissal of count IV of his amended complaint against the defendant, Patricia Hedstrom, n/k/a Carr. Alternatively, he appeals from the court's order denying him leave to file count IV of his second amended complaint. We reverse.

The plaintiff brought this action, in part, against Patricia Hedstrom, n/k/a Carr (the defendant), the attorney representing him on his purchase of a house. He also joined the persons who sold him the house and the exterminating company that inspected the house for insect infestation. Count IV of the amended complaint alleged a malpractice claim against the defendant.

In count IV of his amended complaint, the plaintiff alleged that he hired the defendant lawyer to represent him in his purchase of a house. He further alleged that while the defendant was in that employ, he "from time to time" told her he wished to hire a private inspector for the house; each time, the defendant informed him that it was not necessary to hire an inspector, that the Veteran's Administration (VA) inspector would be capable and would protect the plaintiff's interests, and that the VA would protect the plaintiff as a former service man.

Count IV further alleged that after he closed on the house and moved in, the plaintiff discovered latent defects including a rotted,

ant-infested and out-of-level garage roof; a water-damaged laundry room floor; dry-rot in the front door threshold, window trim, and exterior fascia; pest infestation; inadequate attic and crawl space insulation; an inadequate electrical service panel; a cracked furnace needing replacement; rusted bathroom faucet and kitchen sink pipes; a leaking water meter valve; a toilet needing repair; and an unconnected outside water faucet. Count IV further alleged that these defects established that the VA did not perform the type of "protecting" inspection assured by the defendant and that, as a proximate result of the defendant's breach of duty in her representation on the house purchase, the plaintiff had suffered damages.

On September 8, 1989, the trial court granted the defendant's motion under section 2—615 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) to dismiss count IV for failure to state a cause of action. The defendant argued, primarily, that amended count IV alleged no more than her error of opinion or judgment and, thus, that it stated no basis for attorney malpractice liability.

On September 13, 1990, the plaintiff sought leave to file his second amended complaint. The second amended complaint realleged the legal malpractice claim in a new count IV. The new count IV referred to a notice that had been attached to the VA certificate of reasonable value. The notice stated that the VA appraisal "does not assure that the house will be satisfactory to [the buyer] in all respects or that all equipment will operate properly." The notice also suggested that "[a] thorough inspection of the property by [the buyer] or a reputable inspection firm may help minimize any problems." The notice also added "REMEMBER: VA guarantees the loan, not the condition of the property." Additionally, the new count IV added the allegation that the defendant knew or should have known that the VA and its inspection (1) were only concerned about the house value for loan purposes and (2) did not produce the information routinely provided by a private home inspection service.

The defendant opposed the plaintiff's filing of the second amended complaint's count IV. She argued that it failed to cure the substantive deficiencies of the amended complaint. At the November 1, 1990, hearing on the motion for leave to file, the trial court raised the additional question of the timeliness of the plaintiff's request to file.

On November 13, 1990, after considering the parties' additional authorities and memoranda, the time elapsed since the dismissal of the first amended complaint, and the lack of legitimate reason for

that delay, the court denied the plaintiff leave to file the second amended complaint count IV. On June 14, 1991, the court granted the plaintiff's motion to dismiss voluntarily (see Ill. Rev. Stat. 1991, ch. 110, par. 2—1009) the remainder of the cause. On July 12, 1991, the plaintiff filed his notice of appeal.

The defendant raises an initial argument that we lack jurisdiction for this appeal. She relies on *Flores v. Dugan* (1982), 91 Ill. 2d 108, in arguing that there is no final judgment to support jurisdiction under Supreme Court Rule 301 (134 Ill. 2d R. 301). She notes that under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217), for one year following his voluntary dismissal, the plaintiff has an absolute right to refile against the voluntarily dismissed defendants. She emphasizes that there is no finding under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) to support an appeal as to fewer than all the parties.

■■ Although neither party has presented a thorough argument, our own analysis leads us to conclude that we do have jurisdiction in this case. The cases that the defendant emphasizes for our analysis of the jurisdiction issue are *Flores v. Dugan* (1982), 91 Ill. 2d 108, *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, and *Dillie v. Bisby* (1985), 106 Ill. 2d 487, *remanded* (1985), 136 Ill. App. 3d 170. In those cases, regardless of the precise nature of the dismissal in question, the court observed that when a plaintiff retains an absolute right to refile his lawsuit, a dismissal does not represent a final and appealable order to support his appeal. *Flores*, 91 Ill. 2d at 111-12; *Kahle*, 104 Ill. 2d at 305-07; *Wold*, 96 Ill. 2d at 112; *Dillie*, 106 Ill. 2d at 491.

We find that the above-mentioned cases are distinguishable from this case. None of them includes a scenario, like the one here, where the trial court made a prejudicial ruling on a portion of the case before the balance of the case was dismissed without prejudice to refiling. A more revealing case for our analysis is *Reagan v. Baird* (1985), 140 Ill. App. 3d 58. There, the appellate court found that it had jurisdiction to review the merits of the trial court's dismissal with prejudice against one named defendant, despite the facts that (1) there was no Rule 304(a) finding as to that finding; and (2) there was only a dismissal without prejudice as to other named defendants.

As the *Reagan* court observed, for an order of dismissal to be final and appealable, it must be entered "with prejudice" as to at least some of the parties or claims. (140 Ill. App. 3d at 61-62.) That

is the case here, as it was not in the cases upon which the defendant relies. We find that despite the plaintiff's remaining right to refile on his voluntarily dismissed counts, following his voluntary dismissal of the balance of his case, the trial court's dismissal of count IV and its denial of filing a second amended count IV are final rulings that we have jurisdiction to review. (See *Rein v. David A. Noyes & Co.* (1992), 230 Ill. App. 3d 12, 15.) We note that the plaintiff does not, as he probably could not, assert that we have jurisdiction to consider his appeal of his own voluntary dismissal. See *Flores*, 91 Ill. 2d at 111-12.

On the merits, the plaintiff first argues that the trial court erred in dismissing count IV of his first amended complaint. His primary assertion is that count IV did not merely charge an error in judgment.

The defendant does not address that particular argument. Rather, she argues that even if the trial court had authority to allow the plaintiff to file his second amended count IV, the court properly denied the filing: (1) because of the plaintiff's untimeliness and (2) because it has the same legal deficiency as the plaintiff's amended count IV. In her legal deficiency claim, the defendant asserts that her alleged actions were in the nature of a mere exercise of judgment or opinion as to whether the plaintiff should obtain a home inspection. According to the defendant, such an exercise is not actionable in attorney malpractice.

As the parties do not dispute, a motion to dismiss under section 2—615 admits all well-pleaded facts, and on review of a section 2—615 dismissal, we must determine whether the allegations of the complaint, when interpreted in a light most favorable to the plaintiff, are sufficient to set forth a cause of action on which relief may be granted. (*Aguilar v. Safeway Insurance Co.* (1991), 221 Ill. App. 3d 1095, 1100-01.) The parties also do not dispute that to state a cause of action for attorney malpractice, a client must plead facts establishing an attorney-client relationship, the breach of a duty owed by virtue of that relationship, and loss or injury proximately caused by that breach. *Goldstein v. Lustig* (1987), 154 Ill. App. 3d 595, 598.

▪ Illinois law is clear that an attorney is liable to his client for damages only when he fails to exercise a reasonable degree of care and skill, and the law distinguishes between negligence and mere errors of judgment. (*Spivack, Shulman & Goldman v. Foremost Liquor Store, Inc.* (1984), 124 Ill. App. 3d 676, 683.) Whether an attorney has exercised a reasonable degree of care and skill is a

question of fact, and the standard of care generally must be established through expert testimony. 124 Ill. App. 3d at 683.

In his first amended complaint, the plaintiff clearly alleged that the defendant agreed to represent him as his attorney on a real estate purchase. To allege a breach of that duty, the plaintiff relied on his allegation that he expressed to the defendant his wish to hire a private home inspector and that the defendant informed him that such an inspection was not necessary because the VA inspection would suffice. The plaintiff further alleged injury or loss proximately resulting from the defendant's advice, referring to the cost of repairing the latent defects he first discovered after moving into the house.

We find that the plaintiff's first amended complaint clearly satisfied the requirement to plead an attorney-client relationship, with its attendant duty for the defendant attorney to represent the plaintiff with zeal and diligence. (See *In re Fox* (1988), 122 Ill. 2d 402, 409.) We further find that the plaintiff satisfied the requirement to plead a proximate loss resulting from the defendant's advice. The critical issue remaining on the question of the first amended complaint's sufficiency, then, is whether it adequately alleged the defendant's breach of her duty as plaintiff's attorney.

We find the case of *Spivack, Shulman & Goldman v. Foremost Liquor Store, Inc.* (1984), 124 Ill. App. 3d 676, to be most instructive on that question. In *Spivack*, the counterplaintiff liquor store charged the counterdefendant law firm with attorney malpractice. That charge was based, among other things, on allegations of (1) the law firm's advice to the client store that despite its landlord's notice that it would not renew the store's lease, the store need not vacate store premises on or before the expiration date; (2) the law firm's advice that it would defeat a forcible detainer eviction; and (3) the law firm's "guarantee" to the store that if the landlord was not enjoined, the store still would be able to remain on the premises for 6 to 12 months. The store alleged that soon after the store's lease expired, the store lost a forcible detainer action filed against it by its landlord and that it incurred monetary losses as a result of the law firm's negligent advice. The store sought to recover its monetary losses allegedly incurred as a result of the law firm's advice.

The *Spivack* court reversed summary judgment for the law firm. It found that the trial court had erred in not considering whether the firm's advice had constituted a breach of the standard of care it owed to the client. (*Spivack*, 124 Ill. App. 3d at 684.) On

denial of rehearing, the *Spivack* court further commented that, although an attorney is not liable as a guarantor of litigation, he may be liable for the making of a guarantee, if it can be shown (1) that he made such a guarantee and (2) that the guarantee was a breach of the standard of care owed to the client. 124 Ill. App. 3d at 685.

■ We find, as the plaintiff argues, that this case is analogous to *Spivack*. The plaintiff's first amended complaint included well-pleaded facts that, when construed in his favor, could support a conclusion that the defendant's advice not to hire a private inspector was a breach of the standard of care owed him. Expert opinion on the standard of care for a real estate lawyer in the defendant's position could establish that the advice was such a breach.

We find no merit to the defendant's claim that her advice in question more resembles casual advice from a knowledgeable acquaintance than conduct within her performance as an attorney. According to the plaintiff's first amended complaint, construed in his favor, the advice in question was offered as part of the attorney-client relationship, when the defendant was representing him in a real estate matter. It was clearly in the nature of the service for which clients rely on their real estate legal representation. Also, construed to favor the plaintiff, it was in the nature of a guarantee akin to that alleged in *Foremost*.

We find that the plaintiff's first amended complaint's count IV adequately alleged an attorney malpractice claim that should not have been dismissed for legal insufficiency. The plaintiff was entitled to present evidence both on the standard of care due him and on whether the defendant's advice violated that standard. In so finding, we note that for the first time on appeal, the defendant asserts the additional claim that the plaintiff's tort theory in count IV is not recognized as a cause of action for legal malpractice. She relies on her claim that it seeks only the recovery of economic damages.

■ Without addressing the plaintiff's reply argument that the defendant has waived this argument for failure to present it below, we note that the defendant's sole authority is our supreme court's October 31, 1991, decision in the case of *Collins v. Reynard*. She does not argue the underpinnings of the decision in *Collins*, but relies merely on its result. We note that after issuing its October 31 opinion, the supreme court granted rehearing in the case and has since issued a new opinion, reversing its October 31 decision (*Collins*, 154 Ill. 2d 48). Thus, we will not rely on the October 31 opinion to find that this dismissal was correct, and we find any further

944

argument in this regard waived for the lack of further appellate presentation (see 134 Ill. 2d Rules 341(e)(7), (f)).

Based on the foregoing, we need not address the parties' arguments regarding the court's denial of the plaintiff's motion to file a second amended count IV. Rather, we reverse and remand for further proceedings consistent with our opinion.

Reversed and remanded.

UNVERZAGT and BOWMAN, JJ., concurs.