VALORIE KLEIMAN *et al.*, Plaintiffs-Appellants, v. NORTHWESTERN MEMORIAL HOSPITAL *et al.*, Defendants (Richard Depp, Defendant-Appellee).

First District (5th Division)   No. 1—92—2856

Opinion filed September 3, 1993.

Steven M. Levin, of Levin & Perconti, of Chicago, for appellants.

Eric F. Quandt, Mary K. Periolat, and Carolyn Quinn, all of Kelley, Drye & Warren, of Chicago (James M. Perry, of Northwestern University, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:
This appeal derives from the granting of a dismissal to the defendant, Richard Depp, M.D. (Depp), pursuant to a motion brought under Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)).

The facts relevant to this appeal are as follows.

On October 8, 1987, plaintiffs filed a medical malpractice complaint alleging that Valorie Kleiman suffered an intracranial hemorrhage, and consequential disability and disfigurement, as a result of the defendants' negligence, while hospitalized in Northwestern Hospital's high risk obstetric and gynecological unit. Plaintiffs alleged Depp failed to supervise Valorie's pregnancy, inappropriately used the drug Syntocin and failed to recognize and properly treat a complication. Scott and Matthew limited their claims to loss of consortium and loss of society, respectively.

A summons was issued to Depp on the same date the complaint was filed. On November 13, 1987, a return of service was filed that disclosed service upon Depp on October 21, 1987. The return of service was prepared by the sheriff of Philadelphia County, Pennsylvania, and stated that service had been effected against Depp on October 21, 1987, at 11:45 a.m. "by delivering to and leaving with L. Pezzetti, receptionist personally a true attest copy of the said Summons nad [sic] Complaint."

On July 19, 1988, Depp filed a special and limited appearance. No pleading or affidavit was attached to this appearance.

On September 21, 1989, plaintiffs filed a motion to strike appearance contending that the special and limited appearance had not been

filed in conformity with section 2—301(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—301(b)), since no affidavit had been attached setting forth the reasons for the jurisdictional objection. Plaintiffs further alleged that not only had Depp taken no further action contesting jurisdiction, but in addition, Depp's attorney had engaged in discovery, including attending the depositions of Valorie and Scott Kleiman, thereby waiving any jurisdictional objection.

On October 6, 1989, Depp filed a response to the motion to strike the appearance and a motion to quash the October 1987 service. The motion to quash recited that service was invalid; Depp had not been served personally, nor had there been service on a family member. The motion further stated that Depp's attorney also represented two other defendants in the case and that Depp's counsel had entered general appearances on their behalf. Exhibits attached to the motion listed an attorney for Depp appearing at the Kleiman depositions "pursuant to a special and limited appearance."

The plaintiffs' response argued that in order for Depp to attack the *in personam* jurisdiction of the court, he must file a special and limited appearance along with the appropriate motion to quash service. Attached to the plaintiffs' response were pages from the Kleiman depositions in which the attorney for Depp asked questions of the witnesses regarding Depp's care of Valorie. Plaintiffs asserted that this participation waived any objection to jurisdiction.

In his reply, Depp asserted that the service error was so blatant that it was not necessary for an affidavit to accompany the special and limited appearance. Regarding any alleged waiver, Depp stated that the questions asked by his attorney at the depositions related to other defendants also represented by that attorney.

On November 28, 1989, the motion to strike was denied, while the motion to quash was granted, with language stating, "leave to issue an alias summons is allowed." Depp was served on March 20, 1990.

On April 12, 1990, a general appearance was filed on behalf of Depp. On April 17, 1990, Depp filed a motion to dismiss pursuant to Supreme Court Rule 103(b). (134 Ill. 2d R. 103(b).) The motion to dismiss contended that since Depp was not properly served until more than two years after the lawsuit was filed, and the statute of limitations had run, due diligence had not been exercised by the plaintiffs. On August 6, 1990, the motion to dismiss was granted with prejudice as to the adult plaintiffs, Valorie and Scott, and without prejudice regarding the minor plaintiff, Matthew.

A motion for rehearing was brought with regard to the August 6, 1990, order and, on December 14, 1990, the trial court issued a memorandum and order denying the motion.

Discovery and other ancillary matters continued with regard to the other defendants. On the motion of the plaintiffs, an order was entered on July 17, 1992, granting a voluntary nonsuit as to the remaining defendants. The order was entered "without prejudice" pursuant to section 2–1009 of the Illinois Code of Civil Procedure. See Ill. Rev. Stat. 1991, ch. 110, par. 2–1009.

Plaintiffs filed a notice of appeal on August 14, 1992, appealing the following orders: (1) the August 6, 1990, order granting Depp's motion to dismiss; (2) the December 14, 1990, order denying plaintiffs' motion for reconsideration; and (3) the July 17, 1992, order "rendering as final the foregoing Orders." On August 25, 1992, Depp moved in this court to dismiss plaintiffs' appeal asserting that, inasmuch as plaintiffs sought review of nonappealable orders, this court lacked jurisdiction to entertain this appeal. Depp's motion to dismiss was taken with the appeal.

On July 15, 1993, plaintiffs Valorie and Scott Kleiman refiled a four-count complaint against the hospital, Nosek and Hoffman. As in their original complaint, plaintiffs assert claims grounded in negligence and loss of consortium. On August 6, 1993, Depp filed a motion to reconsider this court's prior order postponing disposition of Depp's motion to dismiss the appeal. Depp argues that the refiling of plaintiffs' complaint results in two cases (one in the appellate court and one in the circuit court) arising out of the same operative facts and asserting the same claims, and thus, the maintenance of plaintiffs' appeal under these circumstances violates the letter of Supreme Court Rule 304(a), which was promulgated to prevent piecemeal appeals from interlocutory rulings. Depp further argues if the fact that plaintiffs voluntarily dismissed the remaining defendants had, at one time, persuaded the court that final, appealable orders existed, then the refiling of plaintiffs' claim against those same defendants now renders that conclusion incorrect. This motion was also taken with the appeal.

In light of the July 15, 1993, refiling of plaintiffs' complaint, for the following reasons we must dismiss plaintiffs' appeal for want of a nonfinal order and for want of jurisdiction to hear the merits of plaintiffs' appeal.

Subject to exceptions for appeals from interlocutory orders specified in the rules, the appellate court's jurisdiction is limited to review of final orders of a trial court. *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.

Supreme Court Rule 304(a) provides in relevant part:
"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the *** parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (134 Ill. 2d R. 304(a).)
Absent the requisite finding that "there is no just reason to delay appeal," a judgment that disposes of fewer than all of the claims presented is not appealable. (*Schlessinger v. Olsen* (1984), 102 Ill. 2d 497, 468 N.E.2d 1158.) Neither the August 6, 1990, order, nor the December 14, 1990, order contains Rule 304(a) language. Moreover, the August 6, 1990, order preserves Matthew's ability to refile against Depp in the future, as the motion to dismiss was granted "without prejudice" as to Matthew.

■ Section 2—1009 provides that the plaintiff may voluntarily dismiss the case without prejudice "at any time before trial or hearing begins." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1009.) Section 13—217 allows the plaintiff the absolute right to refile the case within one year of a voluntary dismissal without prejudice. (Ill. Rev. Stat. 1989, ch. 110, par. 13—217.) As a general rule a plaintiff cannot appeal an order of voluntary dismissal. (*Edward E. Gillen Co. v. City of Lake Forest* (1991), 221 Ill. App. 3d 5, 581 N.E.2d 739; see also *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.) This is so because "the plaintiff *** requested the order and thus is protected from prejudice by the statute of limitations which gives the plaintiff the absolute right to refile the action within one year of a voluntary dismissal without prejudice." (*Edward E. Gillen Co.*, 221 Ill. App. 3d at 9; see also Ill. Rev. Stat. 1989, ch. 110, par. 13—217; *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.) However, the defendant may have the right to appeal an order of voluntary dismissal, because the defendant's rights may have been prejudiced by the plaintiff's voluntary dismissal, and a defendant has no recourse unless he can appeal. *Kahle*, 104 Ill. 2d at 306, 472 N.E.2d at 789.

In *Edward E. Gillen Co. v. City of Lake Forest* (1991), 221 Ill. App. 3d 5, 581 N.E.2d 739, the appellate court held that a voluntary dismissal pursuant to section 2—1009 is a final and appealable order and that the reviewing court had jurisdiction to consider the merits of

the appeal. The appellate court found that until the trial court entered the order for voluntary dismissal, plaintiff could not have appealed the dismissal of count IX of its amended complaint or the judgment on the pleadings as to certain damages, absent a finding pursuant to Rule 304(a). The court held the order voluntarily dismissing the remaining counts of the complaint disposed of all matters pending before the trial court concerning the plaintiff's cause of action. Thus, the previous orders became final and appealable at that time, and, accordingly, the appellate court had jurisdiction to hear the appeal. *Gillen*, 221 Ill. App. 3d at 9-10.

In *Howard v. Druckemiller* (1992), 238 Ill. App. 3d 937, 940, 611 N.E.2d 1, the reviewing court acknowledged the holdings in *Flores v. Dugan* (1982), 91 Ill. 2d 108, 111-12, 435 N.E.2d 480, *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 305-06, 472 N.E.2d 787, *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 112, 449 N.E.2d 112, and *Dillie v. Bisby* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338, that when a plaintiff retains an absolute right to refile his lawsuit, a dismissal does not represent a final and appealable order to support his appeal. However, the *Howard* court distinguished the aforementioned cases, by noting that none of those cases included a scenario, like *Howard*, where the trial court made a prejudicial ruling on a portion of the case before the balance of the case was dismissed without prejudice to refiling. The court felt the case of *Reagan v. Baird* (1985), 140 Ill. App. 3d 58, 487 N.E.2d 1028, to be more revealing for its analysis.

In *Reagan* the appellate court found it had jurisdiction to review the merits of the trial court's dismissal "with prejudice" against one named defendant, despite the absence of a Rule 304(a) finding and the fact there was only a voluntary dismissal "without prejudice" as to other named defendants. The court observed that for an order of dismissal to be final and appealable, it must be entered "with prejudice" as to at least some of the parties or claims. *Reagan*, 140 Ill. App. 3d at 61-62.

In *Howard* the plaintiff sued several defendants. One count of the four-count complaint sounded in legal malpractice. The trial court granted a motion to dismiss the legal malpractice claim for failure to state a cause of action and subsequently denied plaintiff's motion to file an amended count reasserting the malpractice claim. Plaintiff later nonsuited the remaining defendants and appealed. On consideration of a motion to dismiss the appeal for lack of jurisdiction, the reviewing court, relying on *Reagan*, held that because an order of dismissal had been entered with prejudice that ruling could be the

subject of an appeal, without the requisite Rule 304(a) finding. *Howard*, 238 Ill. App. 3d at 940-41.

Depp argues the *Howard* court ruling is erroneous in that the court ignored the requirements of Supreme Court Rule 304(a), thereby rendering the rule meaningless.

■ Following the holdings in *Reagan, Howard* and *Gillen,* once the plaintiffs voluntarily dismissed the remaining defendants, the order of dismissal with prejudice as to the adult plaintiffs could be the subject of an appeal without the requisite Rule 304(a) finding. However, none of those cases involved a situation like the present case, where the plaintiffs' claim was refiled during the appeal process.

Initially, we find since Depp's dismissal was without prejudice as to Matthew, and therefore Matthew is not precluded from refiling his claim, we lack jurisdiction to hear Matthew's appeal. Next, on July 15, 1993, the plaintiffs refiled their complaint against the hospital, Nosek and Reedy. The plaintiffs chose to take advantage of their right to refile their claim, yet at the same time seek to retain the benefit of the previous dismissal. In the present case allowing an appeal from the order of August 6, 1990, dismissing the case with prejudice as to Valorie and Scott violates the very purpose of Rule 304(a), which is to discourage piecemeal appeals and to remove the uncertainty which exists when a final judgment is entered on less than all matters in the controversy. (See *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 884, 409 N.E.2d 447.) As Depp argued in his motion, the result in the present case would be litigation pending in both the trial court and the appellate court. In the absence of a finding that "there is not just reason to delay enforcement or appeal" pursuant to Supreme Court Rule 304(a), we conclude the order appealed from, although once final by the voluntary dismissal, became nonfinal when the adult plaintiffs refiled their complaint.

Appeal dismissed.

GORDON, P.J., and McNULTY, J., concur.