MICHAEL DUBINA *et al.*, Plaintiffs, v. MESIROW REALTY DEVELOPMENT, INC., *et al.*, Defendants and Counterdefendants and Plaintiffs' Assignees-Appellees (Superior Atrium Partnership *et al.*, Plaintiffs' Assignees-Appellees; Litgen Concrete Cutting and Coring Company, Defendant and Counterplaintiff-Appellant).

First District (2nd Division)   No. 1—94—3118

Opinion filed August 13, 1996.

Kralovec, Marquard, Doyle, Gibbons, Chartered, of Chicago (Nancy J. Arnold, John C. Doyle, William E. Spizzirri, and Daniel J. Donnelly, of counsel), for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, Edward B. Ruff III, and Mark D. Roth, of counsel), for appellees CCL of Chicago, Creative Construction, Ltd., and Fireman's Fund Insurance Companies.

Purcell, Wardrope, Ltd., of Chicago, for appellee Economy Mechanical Industries, Inc.

Wylie, Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellee K&S Automatic Sprinklers, Inc.

Menges, Mikus & Molzahn, of Chicago, for other appellees.

Michael W. Rathsack, of Chicago, for *amicus curiae.*

JUSTICE SCARIANO delivered the opinion of the court:

This case arises out of a consolidation of over 30 suits for property damage. The facts regarding the jurisdictional posture of this matter prior to appeal are undisputed. Plaintiffs and defendants, excluding defendant Litgen Concrete Cutting & Coring Co. (Litgen), entered into settlement agreements. On June 14, 1994, Judge Robert V. Boharic issued an order granting defendants and counterdefendants and plaintiffs' assignees-appellees' (Mesirow) motion for a good-faith finding of the settlement agreements under the Illinois Joint

Tortfeasor Contribution Act (740 ILCS 100/0.01 (West 1992)) in case numbers 92 L 5837 and 95 L 4548, and ordered that the cases be dismissed "against all above stated defendants with the exception of Litgen," and he further dismissed all counterclaims and third-party complaints in those cases. On July 19, 1994, Judge Boharic granted a motion for a good-faith finding of the settlement agreements in case numbers 89 CH 3052, 91 L 6757, 91 L 5904, and 93 L 4398, and dismissed all counterclaims and third-party complaints against Mesirow "with prejudice pursuant to the Court's good faith finding" and stated that the "above named matter continue [ ] against Litgen." On July 26, 1994, the judge granted a motion for a good-faith finding as to the settlement agreements entered into by Mesirow in case numbers 89 CH 3332, 89 L 8533, 93 L 4426, 90 L 5708, 89 L 10777, 89 L 8533, 90 L 6972, 90 L 9057, 90 L 8240, 90 MI 20813, 90 MI 26470, 90 L 14816, 90 L 13419, 90 L 18077, and 90 L 18115. On July 28, 1994, plaintiffs voluntarily dismissed their suits against Litgen. On August 24, 1994, upon Litgen's motion, Judge Boharic ordered all counterclaims, cross-claims, and third-party claims of Mesirow in cases 89 CH 3052, 91 L 6757, 91 L 8533, 93 L 4398, 89 CH 3332, 89 L 8533, 93 L 4426, 90 L 5708, 89 L 10777, 89 L 15502, 90 L 6972, 90 L 8057, 90 L 8240, 90 MI 20813, 90 MI 26470, 90 L 14816, 90 L 13419, 90 L 18077, 90 L 18115, 91 CH 3310, 89 CH 3332, 91 L 5812, 91 L 20014, 93 L 4007, 91 L 14064, 91 L 10158, 89 L 8533, 91 L 18230, 90 L 15151, 93 MI 14571, and 91 L 5826 dismissed "with prejudice." The August 24 order further dismissed, "with prejudice," all plaintiffs' claims in the aforementioned cases against Mesirow and dismissed "with prejudice" all counterclaims, cross-claims or third-party claims filed by Gelick Foran Associates, Ltd., and Loyola Electric Construction Company, "against any party in the above-identified cases, as well as in" case numbers 92—L—5827 and 93—L—4549.

Litgen filed its notice of appeal on August 26, 1994. As a result of the settlement agreement, defendants, excluding Litgen, became the assignees of plaintiffs' claims, and on February 16, 1995, they, as plaintiffs, filed one complaint against Litgen alleging the same facts arising out of the property damage at issue in the previously voluntarily dismissed cases against Litgen.[1]

Mesirow then filed a motion to dismiss Litgen's appeal for lack of jurisdiction, citing *Kleiman v. Northwestern Memorial Hospital*, 253 Ill. App. 3d 47, 625 N.E.2d 284 (1993), and arguing that, absent language required by Supreme Court Rule 304(a) (155 Ill. 2d R. 304), this court does not have jurisdiction.

---

[1]We shall henceforth refer to plaintiffs' assignees simply as plaintiffs.

Supreme Court Rule 301 (155 Ill. 2d R. 301) provides that there must be a final judgment in order for a party to have the right to appeal. In suits with multiple parties and multiple claims, an appeal may be taken under Supreme Court Rule 304(a) only where the trial court "has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a). In the instant case, there has been no final judgment against Litgen under Rule 301. Excluding the July 28, 1994, order, the orders specifically state that the dismissals did not apply to Litgen. Although the July 28, 1994, order voluntarily dismissed the claims against Litgen, these claims are still pending in the circuit court inasmuch as plaintiffs have refiled their complaint.

Under *Kleiman*, absent the requisite Supreme Court Rule 304(a) language, an order appealed from, although once final by the voluntary dismissal, becomes nonfinal upon plaintiffs' refiling their complaint because it would defeat the purpose of the rule, "which is to discourage piecemeal appeals and to remove the uncertainty which exists when a final judgment is entered on less than all matters in the controversy." *Kleiman*, 253 Ill. App. 3d at 53. Thus, under *Kleiman*, there is no jurisdiction over Litgen's appeal, because plaintiffs' claims against Litgen are still pending in the circuit court.

Litgen argues that under *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 472 N.E.2d 787 (1984), this court has jurisdiction. In *Kahle*, the supreme court found that there may be jurisdiction to appeal a nonfinal judgment where defendant would be otherwise prejudiced and would have no recourse absent appeal. *Kale*, 104 Ill. 2d 302, 472 N.E.2d 787. In the case *sub judice*, Litgen has failed to demonstrate that, under *Kahle*, it would be prejudiced absent appeal prior to a final adjudication of the cases now pending in the circuit court. See *Saddle Signs, Inc. v. Adrian*, 272 Ill. App. 3d 132, 139, 650 N.E.2d 245 (1995) (finding no appellate jurisdiction where case was voluntarily dismissed and refiled and where there is no showing of prejudice to defendant and no effect on defendant's rights).

On rehearing, Litgen contends that since its contribution claims were dismissed with prejudice, and because plaintiffs refiled their actions, it reasserts its fear that it would be forced to refile its contribution claims against plaintiffs. Without providing any authority, it expresses its concern that plaintiffs could then successfully plead the defense of *res judicata* as to those claims and that, thus, Litgen would have lost its opportunity to have pursued this appeal. We disagree. We believe that the focus here is not so much *whether* Litgen is entitled to go forward here with its appeal of the dismissal of its contribution claims, but *when*, under the circumstances with which we are now presented, is such an order appealable.

40

After having been afforded this additional opportunity, Litgen has still failed to persuade that it would suffer prejudice if it were not permitted to pursue this appeal. *Kahle*, 104 Ill. 2d 302, 472 N.E.2d 787. If Litgen refiles its contribution claims in the refiled action, we expect that the trial court will either agree with the original trial court's decision which dismissed the contribution claims, or determine that the original trial court's decision was in error. If the former is the case, when that order becomes final in the refiled case, Litgen will have its opportunity to appeal it. We note that plaintiffs agree that in such an event, the defense of *res judicata* will be of no avail.

Accordingly, we dismiss Litgen's appeal for want of jurisdiction.

Appeal dismissed.

HARTMAN, P.J., and BURKE, J., concur.